## W. S. ROBERTS V. G. A. HOLLAND ET AL., EXECUTORS.

Decided January 14, 1911.

**1.—Caveat Emptor—Sale by Independent Executor.**

The rule of *caveat emptor* applies to a purchaser from an independent executor as well as to a purchaser from an executor or administrator acting under orders of a probate court. An independent executor merely has power to do without an order of the probate court any and every act which an ordinary executor or administrator could do with such order.

**2.—Same—Land Broker—Contract with Independent Executor.**

In an action by a land agent or broker against independent executors for commissions upon a sale of land belonging to the estate, petition considered, and held to state no cause of action against the executors or against the estate.

Appeal from the District Court of Parker County. Tried below before Hon. J. W. Patterson.

*F. O. McKinsey,* for appellant.—The court erred in sustaining defendant's demurrer and exception to plaintiff's petition. Gibson v. Gray, 43 S. W., 922; Moss & Raley v. Wren, 113 S. W., 739; same case, 120 S. W., 847; Green v. Taylor & H. Ry. Co., 79 Texas, 604; Armstrong v. O'Brien, 83 Texas, 638-639; above cases quoted with approval in McCown v. Terrell, 29 S. W., 487.

*C. K. Bell,* for appellees.—The general demurrer to plaintiff's original petition was properly sustained because said petition failed to show by the facts alleged that any sale of the lands therein described was ever made on the terms proposed by the defendants, or that they ever refused to make a sale on said terms, and failed to show that plaintiff ever procured a purchaser on said terms; but the alleged agreement therein set out was only an option, and was not an enforceable contract of sale on any terms. Rankin v. Grist, 129 S. W., 1147; Moss & Raley v. Wren, 120 S. W., 847, 102 Texas, 567; Brackenridge v. Claridge, 91 Texas, 533; Fox v. Denargo Land Co., 86 Pac., 344; Dwyer v. Raborn, 33 Pac., 350; Runyon v. Wilkinson, 31 Atl., 390.

That the rule of *caveat emptor* applied: Lynch v. Baxter, 4 Texas, 431; Walton v. Reager, 20 Texas, 109; Medlin v. Wilkins, 60 Texas, 417; Club Land Co. v. Dallas County, 95 Texas, 209; Williams v. McDonald, 13 Texas, 322; Burns v. Hamilton, 70 Am. Dec., 573; Barnard v. Duncan, 90 Am. Dec., 416; Lodge v. Simonton, 23 Am. Dec., 48; Altgelt v. Mernitz, 83 S. W., 893.

That executor or administrator is not even bound to disclose defects in title known to him, see Thompson v. Munger, 15 Texas, 528; Medlin v. Watkins, *supra,* and Barnard v. Duncan, *supra.*

That if broker knows of defects in title which defeat his efforts, he is not entitled to commission, see Berg v. San Antonio Street Ry. Co., 43 S. W., 929, 49 S. W., 921; Tombs v. Alexander, 101 Mass., 255, 3 Am. Rep., 349.

SPEER, Associate Justice.—W. S. Roberts sued G. A. Holland and I. W. Stephens as independent executors of the will of J. R. Couts, deceased, for commissions alleged to be due him as a land broker for procuring a purchaser for lands belonging to the estate of said Couts. The district judge sustained general and special exceptions to the petition, and the plaintiff has appealed.

The following statement by appellant is sufficient for a determination of the appeal:

"Plaintiff alleged that he was a real estate agent or broker; that defendants Holland and Stephens were the independent executors and trustees of the will of J. R. Couts, deceased; and as such had full authority, power and discretion to sell and contract to sell the lands of said estate at such price and on such terms as by them might be deemed proper, and to employ brokers to sell, or procure brokers to sell, or procure purchasers for said lands the same as if same belonged to them, being fully authorized thereunto by the terms of said will, and that said will was duly probated in the County Court of Parker County. That they proposed to pay plaintiff a commission of 2 per cent to sell or procure purchasers for 72,094 acres of land situated in Bailey County, Texas, which land belonged to the estate of said J. R. Couts, deceased, and which said executors had full authority to sell as aforesaid. That relying upon the offer of defendants plaintiff showed said land to several parties and among them one, J. W. Wile, who went with plaintiff to see the defendants. That it was agreed by and between Wile and defendants that they would sell Wile, or Wile and his associates, said land at $2 per acre, one-fourth cash to be paid on or before June 1, 1906, and the balance in ten equal annual installments, for which notes were to be executed at 6 per cent interest, secured by vendor's lien. It was further agreed that defendants would sell said land to Wile, or to him and associates, and give him until June 1st to make the cash payment of one-fourth if before that time and before the land should be sold to some other party he or they would deposit in the Citizens National Bank of Weatherford $10,000 in cash, which sum was to be applied as a part of the first cash payment if on or before June 1st the purchasers paid the balance of the one-fourth cash payment, in which event the defendants were to execute deed of conveyance, and the purchasers were to execute their notes aforesaid; but in the event the purchasers failed to make balance of the cash payment within the time specified, the $10,000 so to be deposited was to be forfeited to the defendants.

"Plaintiff alleged that thereafter, on February 9, 1906, and before the defendants had sold said land to any other person, the said Wile and his associates, Nostrum and Boyer, accepted the terms of said proposed sale and were then and there able, ready and willing and offered to accept the terms of said sale, and to carry out the same, and to purchase said land in accordance therewith, and to perform the stipulations to be performed by them, and to take and pay for the land upon the terms proposed, and offered then and there to enter into contract for the purchase of said land as aforesaid, said offer having never

been withdrawn. That said Wile and Nostrum, acting for themselves and for their associate, Boyer, were able, ready and willing and offered to make said deposit of money upon the terms and stipulations aforesaid, and to buy and pay for said land on the terms agreed upon, and they were able, ready and willing to take and pay for the same upon the terms offered by the defendants. But, after reaching Weatherford for the purpose of closing up said sale upon the terms proposed and agreed upon, having with them funds with which to make said deposit and being ready, able and willing, they proposed to make the deposit aforesaid and purchase the lands upon the terms agreed upon, and were ready, able and willing and offered to enter into contract for the purchase of said land as aforesaid, when for the first time it was made known to them and they discovered that there was a vendor's lien against said land in favor of Leon H. Blum Land Company to the amount of $51,000, they and plaintiff being ignorant up to that time of the existence of such lien, and by reason thereof the defendants were unable to make a title to said land, being unable or unwilling to free said land from said encumbrance; by reason whereof and without any fault of plaintiff said sale failed and was not consummated. Plaintiff avers that the total value of said land was $144,188 and that his commissions would have amounted to $2883.76. Plaintiff avers that the estate of said J. R. Couts, deceased, is solvent, free from debt and that the defendants as such independent executors have in their hands ample property and funds belonging to said estate and liable therefor to discharge and pay plaintiff's claim, and that same is due and wholly unpaid. He prays for judgment for his said debt and damages, and for costs and general relief."

It is well settled that the rule of *caveat emptor* applies to a purchaser from an executor. Lynch v. Baxter, 4 Texas, 431; Medlin v. Wilkins, 60 Texas, 409; Dallas County v. Club Land & Cattle Co., 95 Texas, 200. No reason is apparent why the same rule does not apply to independent executors as to ordinary executors or administrators. We think it should. An independent executor merely has the power to do without an order of the County Court every act which an ordinary executor administering an estate under the control of the court could do with such order. Dwyer v. Kalteyer, 68 Texas, 554; Ellis v. Howard Smith Co., 35 Texas Civ. App., 566 (80 S. W., 633). And in the absence of an allegation of fraud or misrepresentation as to the title by the executors we think no cause of action is shown against them. Altgelt v. Mernitz, 37 Texas Civ. App., 397 (83 S. W., 891).

There is nothing in the petition to indicate that appellees undertook to do more than to sell such title as the estate owned, and appellant's customer declined to buy this. It is apparent, then, that appellant has not procured a purchaser at all.

What we have said is upon the theory that the petition really points out a defect in the title, but we are inclined to hold that it does not. It shows that the supposed defect in the title was no more than an encumbrance in an amount very much less than the unpaid purchase money in the proposed purchase. However that may be, and irrespective

of the other grounds urged by appellees in support of the judgment, we are content to rest our decision on the ground first discussed.

All assignments are overruled and the judgment is affirmed.

*Affirmed.*

Writ of error refused.