## GETTLESON *v.* LEWIS.

1. BROKERS — COMMISSIONS — FAILURE OF SALE — NOTICE OF RE-
   STRICTED TITLE.

   A broker who has notice of a seller's restricted title is
   not entitled to a commission for the sale of the property
   which fails of consummation only because the buyer re-
   fused to take such restricted title.

2. SAME—QUESTION FOR JURY.

   Where the question of the broker's notice of such restricted
   title was disputed, it should properly have been pre-
   sented to the jury.

Error to Wayne; Collingwood, J., presiding. Sub-
mitted April 16, 1919. (Docket No. 54.) Decided
May 29, 1919.

Assumpsit by Jack Gettleson against Amy Neal
Lewis for commissions on the sale of real estate.
Judgment for plaintiff. Defendant brings error. Re-
versed.

*David N. Harper,* for appellant.

*Charles E. Duffy* and *William G. Weber,* for ap-
pellee.

FELLOWS, J. Plaintiff is a real estate broker in
Detroit, and recovered a judgment in the court below
for a commission claimed to have been earned by him.
Defendant brings the case here upon a record con-
taining 65 assignments of error, all of which have
been examined and but one of which is well taken.
It will therefore be necessary to state only such facts
as bear upon this assignment of error. The property
involved is located at the corner of Cedarhurst and
Woodward avenues, and defendant's title was re-

On broker's right to commissions on failure of employer's
title, see notes in 43 L. R. A. 593; 3 L. R. A. (N. S.) 576; 24
L. R. A. (N. S.) 1182; L. R. A. 1915E, 714.

stricted, the restriction inhibiting its use for manufacturing purposes or the sale of liquor. The contract between the defendant and the purchaser, which was drawn by the plaintiff, provided for the furnishing of an abstract and required a title "free and clear of all incumbrances and absolutely unrestricted." The testimony tends to show that the sale failed of consummation due to the restrictions and that the down payment of $500 was returned by the defendant to the purchaser. The plaintiff testified that he did not know of these restrictions, while defendant and a witness produced by her testified that he did have such knowledge, that he had read and discussed the restrictions. Defendant's counsel preferred the following request:

"If you find from the evidence that Jack Gettleson prior to May 12, 1916, knew of the restriction against the sale of liquor on the premises and permitted the words 'absolutely unrestricted' to be inserted in the agreement between buyer and seller, he cannot recover in this action."

This request was refused and the defense was limited to the question of fraud between the purchaser and plaintiff.

While the language of the request is somewhat inapt, we are impressed that it fairly presented the claim of the defendant that the plaintiff could not recover if he had knowledge of the restrictions and with such knowledge procured a purchaser for and prepared a contract requiring an "absolutely unrestricted" title. Counsel do not disagree as to the rule that a commission is earned when a purchaser ready, willing, and able to buy on the terms specified, is produced. This rule is well recognized. But where the principal's title is defective and the agent has knowledge of such defect and it is not such a defect as may

be removed by the principal, the agent does not earn his commission by producing as a purchaser one who is willing to and does contract for only a good or a merchantable title or an "absolutely unrestricted" one. *Appleby* v. *Sperling,* 194 Mich. 681; *Cain* v. *Masurette,* 196 Mich. 7; 9 C. J. p. 629; 4 R. C. L. 313; *Hynes* v. *Brettelle,* 70 Mo. App. 344; *Montgomery* v. *Amsler,* 57 Tex. Civ. App. 216 (122 S. W. 307). In the case of *Cain* v. *Masurette, supra,* Mr. Justice STONE, speaking for the court, said:

"While the weight of authority is to the effect that it is no defense to an action brought by an agent against his principal to recover commissions for negotiating a sale of land that the principal does not hold title to the land, or cannot convey a perfect title (see 19 Cyc. p. 240, and cases cited in note), yet the decisions generally hold that where a broker, who at the time he makes his contract with the owner, knows of defects in the employer's title, or who knows of facts sufficient to put a prudent person on inquiry, which, if followed with reasonable diligence, would have resulted in such knowledge, he is not entitled to recover where the sale failed because of such facts, unless it was the intention of the parties that the employer should subsequently perfect his title in order to be able to perform."

In the instant case there is no claim that the title was or could be perfected, and the sale fell through by reason of the restrictions. The trial judge refused to give the sixth request either in the language requested or in substance and instructed the jury that plaintiff should recover unless the defendant has established fraud between plaintiff and the purchaser. The question of plaintiff's notice of the defect in defendant's title was a disputed question of fact. Under the authorities cited the plaintiff had not earned his commission if he, with knowledge of the defect here found, procured a purchaser for an "absolutely unrestricted" title, and himself inserted in the contract

the requirement that defendant furnish such title. For this error the case must be reversed and a new trial granted. Defendant will recover costs of this court.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.