PERKINS v. CAMOZZE. (No. 1373.)

(Court of Civil Appeals of Texas. El Paso. Nov. 23, 1922. Rehearing Denied. Jan. 4, 1923.)

1. Appeal and error ⬤➾742(1)—Proposition predicated on property being in course of administration held inapplicable to the pleadings.

Where pleadings in broker's action for commissions did not charge defendant with offering to sell as administrator but as owner in his own right, the proposition, under assignment complaining of refusal of directed verdict, that because the property was in course of administration the rule of caveat emptor applied, had no application to the facts.

2. Trial ⬤➾352(1)—Special issue held indefinite, ambiguous, and confusing.

In a broker's action for commissions, a special issue asking the jury whether they found "that the plaintiff * * * did not know of the condition of defendant's title, and that it was not disclosed to him" prior to a certain date, was open to the objections that it was indefinite, ambiguous, and confusing and that an answer either way would not reveal what the jury intended to find.

3. Brokers ⬤➾61(4)—Not entitled to recover notwithstanding defective title when broker had notice thereof.

The general rule that when a broker has done all he is bound to do under his contract by securing a purchaser ready, willing, and able to buy, his right to commissions does not depend on the validity or invalidity of the principal's title, does not apply when the broker had notice of a possible defect in the title, as it then became his duty to submit the defective title to the intended buyer.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Anton Camozze against E. H. Perkins. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

M. W. Stanton, of El Paso, for appellant. Winter, McBroom & Scott, of El Paso, for appellee.

HARPER, C. J. This suit was brought by appellee against appellant to recover the sum of $625 and interest for procuring a purchaser for certain real estate under contract set out in our conclusions of facts.

Upon application of E. H. Perkins, he was made party defendant as independent executor of the estate of Delia A. Perkins.

He then answered in the capacities aforesaid, by exceptions, general and special, general denial, and specially pleaded that the property was estate property of his mother in course of administration and that plaintiff was fully informed as to the title; that commissions were to be paid only if transfer was made; and that by mutual agreement the plaintiff had before suit released the defendant from claim of commissions.

Plaintiff by trial amendment alleged that the defendant informed him that he was the owner of the entire property, when in fact his half-brother had a one-fourth interest therein.

The cause was tried before jury to whom special issues were submitted, and upon the verdict returned judgment was entered for the plaintiff for the amount sued for.

The contract between the parties is as follows:

"Exclusive Agency Contract.

"I hereby authorize Anton Camozze, of El Paso, Texas, to be my exclusive agent, to negotiate a sale of property known as 1233–37 E. San Antonio St., three lots with all improvements, and I agree to furnish a complete abstract of title and convey, by a good and sufficient warranty deed, or deeds, the premises so described, subject only to an incumbrance of $ none in favor of ———.

"My net price on this land is $12,500.00. I want $5,000.00 paid down, and will allow the balance to be paid in to suit annual payments, with interest at the rate of eight per cent. per annum; and agree to pay you a commission of five per cent. upon this price and all excess above my selling price, above mentioned, provided you sell or furnish me, either directly or indirectly, name of a party to whom I may sell; and agree that should I sell the above-

mentioned property during the term of this contract I shall pay over to you the sum of none ~per~ ~cent.~ ~of~ ~purchase~ ~price~ ~to~ ~defray~ ~advertising~ ~and~ ~general~ ~expenses.~ Commission to be due and payable when the sale is made.

"The authority to remain in force for the period of ninety days from date, and to continue in force thereafter until I shall have served ten days' notice of its cancellation upon my herein authorized agent.

                    "E. H. Perkins, Owner,
     "Address:   1233 E. San Antonio St.
"Date, April 28, 1921."

It was agreed by the parties that E. H. Perkins holds title to the property under deed to Delia A. Perkins under will of the latter. The lots were purchased during the life of both defendant's parents and conveyance made to Delia A. Perkins, the mother of defendant, and afterwards during life of both the improvements were placed on them. The defendant had a half-brother and two half-sisters. And in this lies the fault found in the title when the attorney passed upon the abstract for the proposed purchasers. That is, that they had an interest under their father. The will of Delia A. Perkins was admitted to probate November 3, 1920.

The jury found:

"Question No. 1. Do you find that the plaintiff procured purchasers, in the persons of P. Dehlinger and wife, who were ready, able, and willing to purchase the premises described by plaintiff upon terms satisfactory to the defendant, if defendant's title had been good? 'Yes.'

"If you answer question No. 1 in the affirmative, then answer:

"Question No. 2. What was the reasonable value of the services, if any, rendered by plaintiff in procuring such purchasers, if any? 'None.'

"Question No. 3. Do you find that the plaintiff, Camozze, did not know of the condition of defendant's title, and that it was not disclosed to him prior to May 22, 1921? 'No.'

"Special issue No. 1 asked by plaintiff:

"Plaintiff's Question No. 1. Do you find from the preponderance of the evidence that at the time he listed said property with the plaintiff for sale, the defendant, E. H. Perkins, represented to the plaintiff that he had good title to the premises mentioned in plaintiff's petition? 'Yes.'

"Third special issue requested by defendant:

"Do you find from the evidence by a preponderance thereof that said plaintiff was informed by defendant of the defect, if any, in the title of defendant to the premises described in the pleadings and documentary evidence, filed in this cause, and that the said plaintiff in dealing with the proposed purchaser or purchasers of said premises failed to disclose to them the defect, if any, in the title of defendant to said premises? 'Yes.'

"Sixth special issue requested by defendant:

"You are instructed, gentlemen of the jury, that defendant in this case has alleged in his pleadings that after the transactions between the parties to this suit in reference to the sale of the property and prior to the filing of this suit, the parties by agreement released and abandoned the claim, if any, of each against the other, and under the evidence such issue is presented for your determination.

"You are further instructed that by the term 'release,' as used in the following special issue, is meant 'The giving or the abandoning of a claim or right to the person against whom the claim exists or the right is to be enforced or exercised.'

"Do you find . from the evidence by a preponderance thereof that, after the transactions with reference to the sale of the real estate had been concluded as shown by the evidence before you, the said plaintiff in this cause at the time his check for $100 was redelivered to him as shown by the evidence did by agreement with the defendant release the defendant from his demand, if any, for commissions claimed by plaintiff as shown by the evidence in this cause? Answer the above question yes, or no. 'Yes.'"

[1] First. It is urged that the court erred in refusing peremptory instruction for defendant, first, because the property was in course of administration, therefore the rule of caveat emptor applied to plaintiff, citing Roberts v. Holland, 63 Tex. Civ. App. 587, 134 S. W. 810. There is no pleading in this record that charges Perkins with offering to sell as administrator, but as the owner of the land in his own right. Therefore the proposition has no application to the facts of the case. Since we conclude that the case must be reversed and rendered upon another proposition, no further comment will be made upon this question.

Second. Because it appears from the contract that no commission was to be paid unless sale was consummated. In the opinion of the writer, this is well taken. The contract above quoted reads: "Should I sell during the term of this contract." "Commission to be due and payable when the sale is made." The other members of the court do not concur in this view.

Appellee answers this by the counter proposition that the defendant by the writing agreed to furnish a complete abstract of title and convey by good and sufficient warranty deed. That this amounts to a representation that he had a good and marketable title.

[2] As between the seller and purchaser this principle applies, but it cannot be applied in this case to the contract between the parties to the brokerage contract, because it is pleaded by appellant that the appellee was fully advised as to the facts, and the court undertook to submit the question to the jury by special issue No. 3, above quoted, and this charge was objected to by defendant upon the grounds that it was "indefinite, ambiguous, and confusing and might be answered yes or no without revealing what the jury intended to find." These objections are well taken.

[3] The court, however, gave defendant's third special issue, copied above, and the answer in effect is that plaintiff was informed of the true condition of the title, but that he (plaintiff) did not disclose it to the proposed purchasers, Dehlinger and wife. Appellant urges that he was entitled to judgment upon this finding, the proposition being that a broker knowing at the time he undertook to sell land of the possible defects in the title cannot hold the owner responsible for failure of sale because of such defects.

This proposition is supported by the authorities. Montgomery v. Amsler, 57° Tex. Civ. App. 216, 122 S. W. 307; McGowan v. Eubank (Tex. Civ. App.) 177 S. W. 512; Berg v. San Antonio Street Ry. Co. (Tex. Civ. App.) 49 S. W. 921; Gettleson v. Lewis, 206 Mich. 113, 172 N. W. 387.

The general rule invoked by appellees, that when a broker has done all that he is bound to do under the contract, i. e. secured a purchaser who is ready, willing, and able to buy, he is entitled to his commissions, and his right thereto does not depend upon the validity or invalidity of the principal's title, does not apply when the broker has notice of the possible defective title, for it then becomes his duty to submit same to an intended buyer to ascertain whether he would take such title. 43 L. R. A. 600; Foltz v. Conrad Realty Co. (Va.) 109 S. E. 463.

The appellant was entitled to his judgment upon this finding alone; therefore the cause will be reversed and here rendered.