**THOMASON et al. v. KING et al.   (No. 372.)**

Court of Civil Appeals of Texas.   Eastland.
Nov. 25, 1927.

Rehearing Denied Jan. 6, 1928.

**1. Appeal and error ⚖②18(2) — Appellate court cannot review trial court's action in refusing special issues tendered en masse.**

Court of Civil Appeals cannot review action of trial court in refusing eight special issues tendered to him on one sheet of paper, where a number of them merely request a finding as to evidentiary facts and others request a finding of undisputed facts, since court is not required to search through them and determine which should be given from those which should be refused, and, if court was justified in refusing a submission of any one of the issues requested, appellate court will inquire no further.

**2. Trial ⚖②352(1)—Special issue as to intent of attorney, sued for return of attorney's fees, at time of receiving fees held unintelligible.**

In action against attorney to recover for attorney's fees paid on theory that defendant did not intend to perform services, where special issue was submitted to jury in form of question, "Did attorney at time payment of fees was made have no intention of further repre-

senting client?" and was answered "No," *held,* that question as propounded was not intelligible.

**3. Appeal and error ⚖②171(1)—Where trial is had on certain theory and briefed thereon in appellate court, it will be decided upon that hypothesis.**

It is settled rule that where trial is had upon certain assumption or theory and briefed in appellate court thereon, it will be decided upon same hypothesis.

Appeal from Haskell County Court; Jesse G. Foster, Judge.

Action by G. W. Thomason and others against Harry Tom King and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

G. W. Thomason, of Haskell, for appellants.
Kirby, King & Overshiner, of Abilene, for appellees.

PANNILL, C. J. This is the second appeal. The former is reported in (Tex. Civ. App.) 262 S. W. 866. The statement there made is sufficient, and whatever additional facts are necessary to be shown will be stated hereinafter. It is there shown, in substance: That appellants alleged they employed the appellees, practicing attorneys, to assist in the trial of seven cases then pending in the district court of Stephens county, for which appellants agreed to pay said attorneys the sum of $250 in cash and an interest of 50 acres in certain mineral leases in controversy in said suit. That on or about the 3d day of November, 1920, and before appellees had performed the services, appellants paid to appellees the sum of $250, and that said payment was induced by the representation of one of the appellees that, if appellants would make said payment, the appellees would perform the services under their said contract. That the said appellee making the representation did so without any intention of performing the services agreed upon, but merely for the purpose of obtaining the payment of the sum named in order that he might appropriate it to the use of himself and his partner. That shortly thereafter the appellees withdrew as attorneys and refused to return the sum so paid them for services which they refused to render. This transaction was denominated as fraudulent and as founded in deceit, and judgment sought for the $250, with interest from the date of its payment. A plea of privilege was filed, but has been expressly abandoned by appellees in their brief. The trial was before a jury and submitted upon special issues, as follows:

"No. 1. At the time the plaintiffs paid the defendant $250 at Haskell, Tex., did the defendant Harry Tom King have no intention of further representing the plaintiffs in the Ste-

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

phens county cases?" To which the jury answered, "No."

"No. 2. Prior to November 3, 1920, were the plaintiffs indebted to the defendants in the sum of $250?" To which the jury answered, "Yes."

Upon this verdict judgment was entered for the defendants. The plaintiffs have appealed.

The two issues submitted were objected to by appellants, the first, for the reason that it is misleading and confusing to the jury and as not being susceptible of being properly understood by that body so as to give an intelligent answer thereto; the second, for the reason that it was thought to be confusing, misleading, and not responsive to any proper issue in the case. The submission was further excepted to because it does not present affirmatively the issues made by appellants in their petition. In addition to this, the appellants requested the court to submit to the jury eight issues of fact. These issues were all embodied in one instrument and on the same sheet of paper, and presented to the court en masse, and refused.

[1] This court cannot review the action of the trial court in refusing the eight special issues tendered to him on one sheet of paper. A casual reading of the request for said issues shows that a number of them merely request a finding as to evidentiary facts. Others request a finding of undisputed facts. This form of request has been condemned by an unbroken line of decisions in this state on the ground that, where one of the parties requests the submission of different issues and presents the same to the court en masse on one sheet of paper, the court is not required to search through them and determine which should be given and separate these from the ones which should be refused, and, if the court was justified in refusing a submission of any one of the issues so requested, the appellate court will inquire no further. McBurnett v. Smith & McCallin (Tex. Civ. App.) 286 S. W. 599, loc. cit. bottom p. 603.

[2] If this issue was material, it should have been submitted to the jury in the form as to whether the defendant, at the time the payment was made to him, intended to perform for the plaintiffs the services agreed upon, and the jury should have been instructed that the burden to prove that he did not have such intention was on the plaintiffs. But, where a jury is requested to answer, if at the time the payment was made, Did the defendant have no intention of further representing the plaintiffs? a categorical answer, "No," does not mean anything, unless it was intended that the jury would assume that the question was, "Is it a fact" that at the time the payment was made, the defendant had no intention? and in that case the jury's answer, "No," would have been, in effect, a statement by the jury that it was not a fact. The answer, "No," to the question as propounded, lacks a good deal of being intelligible. Perkins v. Camozze (Tex. Civ. App.) 246 S. W. 735.

It appears without dispute in the testimony that the appellees had performed part of the services prior to the time the payment was made. It is claimed by appellees that this state of facts destroys the appellants' right to recover. It is claimed that the petition states a cause of action for fraud only, perpetrated upon appellants by the appellees on the theory that the payment was made before any services were performed and induced by a false promise, and that the undisputed facts showing a part performance, appellant could recover for a partial failure of consideration only, and that, therefore, under appellants' pleading no recovery should have been allowed; that a verdict should have been instructed in favor of appellees, and any errors in the submission of the case would become unimportant and harmless.

[3] We do not concur in the proposition that appellees were entitled to an instructed verdict. And, under the situation disclosed by this record, we do not believe we are warranted in reviewing the former decision in this case. It is a settled rule that where the trial is had upon a certain assumption or theory and briefed in the appellate court thereon, it will be decided upon the same hypothesis. McCamey v. Hollister (Tex. Civ. App.) 241 S. W. 689; Penn v. Briscoe County (Tex. Civ. App.) 162 S. W. 916.

Under the previous decision in this case it was deemed material to appellants' case to show that the promise on the part of the appellee King to perform the services agreed upon was made without any intention to perform.

The issue submitted to the jury was upon the theory that this issue was material to appellants' right to recover, and they were entitled to have that issue submitted in a clear and intelligible manner. It is thought that appellants' exception to special issue No. 1 should have been sustained.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.