• INDEMNITY CO. OF AMERICA v. SLADE.*
(No. 2943.)

Court of Civil Appeals of Texas. Amarillo.
Jan. 11, 1928.

Rehearing Denied Feb. 1, 1928.

1. Insurance ⬥668(10)—Insurance company's liability on theft policy held for jury under evidence of conversion of automobile by bailee (Pen. Code 1925, art. 1429).

In action to recover on theft policy, evidence of taking of automobile by bailee in whose possession car was left for repairs, held, to make issue for jury as to liability of insurance company under Pen. Code 1925, art. 1429, which makes a bailee who fraudulently converts personal property with intent to deprive the owner thereof guilty of theft.

**2. Insurance ⬤⇒658—Letter written by bailee on eve of departure with automobile stating destination as place different from that to which he actually traveled held admissible in action on theft policy (Pen. Code 1925, art. 1429).**

In action on policy of theft insurance covering automobile, in which plaintiff claimed that bailee to whom it was delivered for repairs had converted it and was guilty of theft under Pen. Code 1925, art. 1429, evidence of letter left by bailee at time of his departure with the car, which stated he was leaving for New York by way of Florida, *held*, admissible upon issue of his criminal conversion where evidence showed that he actually took the car to California.

**3. Appeal and error ⬤⇒197(1)—Objection to testimony on ground of variance cannot be considered for first time on appeal.**

Objection to testimony upon ground of variance cannot be considered on appeal where no such objection was urged on trial.

**4. Trial ⬤⇒351(2, 5)—Requested special issues submitted on single paper are not considered on appeal where one or more is submitted in general charge or is improper.**

Refusal of trial court to submit several special issues, written on one sheet of paper or document signed but once by counsel, will not be reviewed, where one or more of such issues is submitted in the general charge or is improper.

**5. Insurance ⬤⇒640(2)—Breach of provision in theft policy excusing insurance company in event of insured's gross negligence was affirmative defense required to be pleaded.**

A provision in theft insurance policy covering automobile, whereby insurance company was excused from liability in case of insured's gross negligence was required to be specially pleaded in action on policy, since a breach thereof would be an affirmative defense.

**6. Insurance ⬤⇒668(4)—Evidence of insured's delivery of automobile to garage for repairs held not to raise issue of negligence in action on theft policy.**

Mere delivery of car by insured to garage for purpose of having it repaired, *held*, not to raise issue of negligence or gross negligence in action on policy covering automobile against theft.

Appeal from District Court, Potter County; W. E. Gee, Judge.

Action by Frances Imogene Slade against the Indemnity Company of America. Judgment for plaintiff, and defendant appeals. Affirmed.

James O. Cade, of Amarillo, for appellant.

McGregor & Cooper, of Amarillo, for appellee.

HALL, C. J. On December 4, 1925, the appellant company issued its policy of insurance covering an automobile, whereby it insured the appellee against theft of the automobile in the sum of $750. Thereafter the car was delivered to a garage for repairs and was, by the owner of the garage, converted and stolen, and driven to California.

This suit was instituted to recover under the provisions of the policy. the appellee alleging, in substance, the issuance of the policy and the payment of the premium by her, and that the car was stolen prior to the expiration of the policy. She alleges that she gave the notice of the theft of the car, required by the policy, to the local agents of the appellant, at Amarillo, and that, though often requested, the appellant had failed and refused to pay her the $750 indemnity provided in the policy.

The defendant company answered by general demurrer, a general denial, and specially alleged that the car was not stolen as alleged in the petition, but was driven to the state of California, by a bailee in whose hands the car had been placed about a month prior thereto, said car having been delivered to said bailee by the plaintiff for the purpose of sale, repairs, and general management by said bailee, by reason of which facts the appellant was not liable.

The case was submitted to a jury upon special issues, which, together with the answers, are, in effect, as follows:

No. 1. The person having possession of the automobile in question fraudulently converted the same to his own use, without the consent of the owner or her agent, and with the intent to deprive the owner of the value of the same.

No. 2. The value of the automobile at the time it was taken was $750.

In accordance with the verdict, judgment was rendered for appellee for the amount named in the verdict and costs of suit.

[1-3] The court did not err in refusing to give the peremptory instructions requested by the parties, and correctly submitted the case to the jury upon special issues. The first contention to be considered is that the court erred in permitting the appellee to introduce in evidence the following sentence contained in a letter which the bailee, Gorman, had left upon the dresser of the witness Smith at the time Gorman left with the car for California: "I am leaving for New York by way of Florida." The objection to this evidence was that it was irrelevant and immaterial to any issue in this case. This contention is overruled. The evidence showed that Gorman, the thief, went from Amarillo to California in the car and did not go either to Florida or New York, and was admissible upon the issue of his criminal purpose in converting the car. It is clear that the purpose of the letter was to mislead Smith and the officers and throw them off his track.

Smith testified that he put the date, October 21, 1926, upon the letter which Gorman had written and left upon his dresser; that

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he had furnished Gorman with tools and apparatus necessary to establish the latter in the business of repairing automobiles, and that Gorman's shop was in the rear of Smith's place of business; that Gorman had tried to sell him the car, and that on the morning after Gorman left, he looked for the car and found it was gone, and phoned the appellee's mother to that effect; that she requested him to go to police headquarters and report the matter, which he did, and that he also had the insurance company notified that the car had been stolen. The letter was written by Gorman on the eve of his departure with the car and was a false statement of his purpose and intent. It was part of the res gestæ and was material upon the issue of his criminal intent. 22 C. J. 286, 287. No objection was urged to this testimony upon the ground of variance, and that contention cannot be considered here.

The appellant next insists that the court erred in refusing to submit to the jury certain special issues with reference to the gross negligence of Mrs. Nannie I. Slade, in allowing the car to remain in the bailee's possession, and whether the bailee came into possession of the car lawfully. These issues, together with others, were requested en masse.

[4] The refusal of the trial court to submit several special issues will not be reviewed, where all of such issues are written on one sheet of paper or document signed but once by counsel, where one or more of them is submitted in the court's general charge, or is not a proper issue. Ater v. Ellis (Tex. Civ. App.) 227 S. W. 222; White v. Bell (Tex. Civ. App.) 242 S. W. 1083; McBurnett v. Smith (Tex. Civ. App.) 286 S. W. 600; Hall v. Johnson (Tex. Civ. App.) 225 S. W. 1111.

Article 1429, P. C. 1925, provides that a bailee of personal property "who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft." The evidence in this case is sufficient, under this definition of theft, to show the liability of the appellant, under the provisions of the policy.

The substance of appellant's answer is set out above. No special provision of the policy, limiting its liability, and no facts which, under any provision of the policy, would avoid it, are alleged. The mere delivery of the car by the appellee to the garage, for the purpose of having it repaired, was not a violation of any stipulation contained in the policy and cannot be considered as negligence.

[5] By the third proposition it is insisted that the court erred in refusing to submit to the jury an issue inquiring if appellee was guilty of gross negligence in allowing Gorman to remain in possession of the car, and under this proposition it is insisted that she was grossly negligent, which greatly increased the risk, without the knowledge of the insurer, and therefore the policy was void. If the policy contains any such provision, a breach thereof would be an affirmative defense, and, before appellant could avail itself of it, that term of the policy must be specially pleaded. Ætna Life Insurance Co. v. El Paso Electric Ry. Co. (Tex. Civ. App.) 184 S. W. 628; Ginners', etc. v. Wiley & House (Tex. Civ. App.) 147 S. W. 629. Negligence was not alleged by defendant.

[6] Aside from this, however, the evidence itself is insufficient to raise the issue of gross negligence or negligence in any degree.

We find no reversible error in the record, and the judgment is affirmed.