## VIRGINIA EDWARDS ET AL V. F. E. GIFFORD.

No. 7679. Decided November 5, 1941.
(155 S. W., 2d Series, 786.)

560

*B. C. Johnson,* of Houston, and *David E. O'Fiel,* of Beaumont, for plaintiffs in error.

Plaintiffs were entitled to submission of any affirmative issue created by pleadings and supported in evidence. Hampton Company v. Joyce, 80 S. W. (2d) 1066; Federal Surety Co. v. Jetton, 44 S. W. (2d) 923; National Cash Register Co. v. Rider, 24 S. W. (2d) 28.

*B. T. McWhorter, Jr.,* of Port Arthur, *H. C. Cunningham* and *W. O. Bowers, Jr.,* both of Beaumont, for defendant in error.

Where the evidence as to the adverse possession of the land by the cross plaintiff (defendant in original suit) and his grantor under whom he claimed title is conflicting the trial court properly overruled defendants (plaintiffs originally) motion for an instructed verdict in their favor. The trial court properly refused to submit an issue as to whether or not such possession of the grantor of the cross plaintiff was under agreement to hold in possession for others. Empire Gas & Fuel Co. v. Railroad Commissioner, 94 S. W. (2d) 1240; Tyner v. City of Port Arthur, 115 Texas 310, 280 S. W. 523; Lilliensterne v. Lewis, 12 S. W. 750.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was instituted by Virginia Edwards, a feme sole, Mrs. Violet G. O'Fiel and husband, David E. O'Fiel, A. W. Dycus, Jr., administrator of the estate of A. W. Dycus, Sr., and the Longshoremen & Dockworkers' Association No. 1001, a corporation, against F. E. Gifford in trespass to try title to the East one-half of Lot 7, Block 6, Range F, of the Port Arthur Land Company survey in Jefferson County, containing ten acres of land. Defendant Gifford answered by general demurrer, plea of not guilty, pleas of the three, five, and ten years statutes of limitation, impleaded Grant Johnson, his vendor, and also filed a cross action in trespass to try title against all of the plaintiffs, specially pleading the three, five, and ten years statutes of limitation. Defendant also duly filed a plea in abatement, averring that the Longshoremen & Dockworkers' Association No. 1001 had no corporate existence and no permit to do business in Texas. The plea in abatement was sustained, and the action of the Association was abated and dismissed.

Virginia Edwards, Mrs. O'Fiel, and her husband answered defendant's cross action by general demurrer, general denial, plea of not guilty as to the East one-half of the lot in controversy, and disclaimed any interest in the West one-half of the said lot. Likewise, A. W. Dycus, Jr., administrator, answered defendant's cross action by general demurrer, general denial, plea of not guilty as to the West one-half of the lot in suit, and disclaimed any interest in the East one-half of said lot.

Answering the only issue submitted to it, the jury found that F. E. Gifford and Grant Johnson, under whom F. E. Gifford claimed, held peaceable and adverse possession of the lot in suit, "cultivating, using or enjoying the same for a period of ten years prior to the 7th day of September, A. D. 1937," the date suit was filed. Judgment was entered in favor of Gifford for all the land in suit. Virginia Edwards, Mrs. O'Fiel and husband, David O'Fiel, and A. W. Dycus, Jr., administrator, appealed. The Court of Civil Appeals affirmed the judgment of the trial court. 132 S. W. (2d) 155.

Plaintiffs in error contend that the trial court erred in holding that a judgment in Cause No. 27,755, rendered August 30, 1930, was not binding upon Grant Johnson and his vendee. The Court of Civil Appeals sustained the trial court on the ground that said judgment did not dispose of Grant Johnson,

one of the defendants therein, and did not adjudicate his interest in the property.

The facts were as follows: The lot in controversy was purchased by the Longshoremen & Dockworkers' Association in October of 1914. Grant Johnson, who was a member of the Association in 1914, testified in the present suit that he went into possession of the lot in April, 1914, and remained in possession until he sold the land to Gifford in 1937. On December 3, 1926, H. D. Adams as president and E. Berry as secretary of the Association, then duly incorporated under the laws of Texas, in said Cause No. 27,755 instituted suit in trespass to try title against A. J. Edwards, Grant Johnson, and Bonnie Dees, for title and possession of the East half of Lot 7, Block 6, being the same lot now in controversy. Each defendant was served with process, but the record in Cause No. 27,755 does not show that Grant Johnson ever filed an answer. Pending a hearing of the cause, A. J. Edwards died, and his surviving wife, Virginia Edwards, was substituted. On August 30, 1930, A. W. Dycus, Sr., and the Security Realty & Development Company, under whom Mrs. O'Fiel claims, filed pleas of intervention, each claiming an undivided one-half interest in the lot.

On the same day the Longshoremen & Dockworkers' Association No. 1001, Virginia Edwards, a feme sole, and two intervenors, A. W. Dycus and Security Realty & Development Company, agreed "that the Longshoremen & Dockworkers' Association No. 1001 * * * and A. W. Dycus, intervenor, are to receive as their share and portion of the land in controversy the West one-half (W 1/2) of the East one-half (E 1/2) of Lot seven (7), Block six (6), Range 'F,' of the Port Arthur Land Company's Survey in Jefferson County, Texas, and that the defendants, Virginia Edwards * * * and intervenor, Security Realty & Development Company, are to receive as their share of the land and premises the East one-half (E 1/2) of the East one half (E 1/2) of Lot Seven (7), Block Six (6), Range 'F,' of the Port Arthur Land Company's lands in Jefferson County, Texas."

The trial court entered a judgment in accordance with such agreement, and decreed to the respective parties their interests in the land as stipulated in said agreement. Such judgment does not show, expressly or by implication, that Grant Johnson was a party to the agreement or to the judgment entered by virtue of such agreement. Grant Johnson was not named in the judg-

ment, directly or indirectly, nor did the judgment purport or undertake to adjudicate his interest in said land in any way whatsoever. The judgment being entered by consent and agreement of the parties, the court was bound to enter a judgment falling strictly within the agreement of the parties. Wyss v. Bookman (Com. App.), 235 S. W. 567. An agreed judgment is construed in the nature of a contract, and in the construction of such a judgment the rules relating to contracts in general will apply. Tyner v. City of Port Arthur, 115 Texas 310, 280 S. W. 523; Empire Gas & Fuel Co. v. Railroad Commission (Civ. App.), 94 S. W. (2d) 1240; 25 Tex. Jur., p. 388, sec. 26. Therefore, it appearing that Grant Johnson was not a party to the agreement upon which the judgment was based, and that the judgment did not in any way adjudicate his rights to the property involved therein, he would not be bound by the judgment entered in Cause No. 27,755.

Plaintiffs in error further complain that the trial court erred in refusing to submit an issue to the jury requiring a finding as to whether or not the said F. E. Gifford and Grant Johnson, under whom Gifford claimed, up until less than ten years before suit was filed, were holding the possession of said land under the agreement with A. J. Edwards and others, his associates, and for and on behalf of the Longshoremen & Dockworkers' Association No. 1001, of which the said Grant Johnson and A. J. Edwards, collaborating with him, claimed to be the sole surviving members of such corporation.

1 Articles 2189 and 2190 of the Revised Civil Statutes prescribe the rule for submitting special issues. The law specifically requires "that such special issue shall be submitted distinctly and separately." This Court has held that such articles require the court to submit all the issues made by the pleadings. It was further held that the failure to submit any issue shall not be deemed a ground for the reversal of a judgment, unless its submission was requested in writing by the complaining party. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Texas 472, 260 S. W. 561; see also Harris v. Leslie, Chief Justice, et al, 128 Texas 81, 96 S. W. (2d) 276.

The trial court did not submit the issue in question, and the burden rested on plaintiffs in error to prepare and request the submission of such issue by the trial court as required by long-established rules.

The following are the salient facts with reference to the requested submission of issues by plaintiffs in error in the trial court: After the court overruled their motion for a judgment, plaintiffs in error requested the court to give a charge containing instructions, definitions and explanatory instructions, and nine special issues. These were all submitted en masse in a single instrument, signed at the end by the attorneys for plaintiffs in error, and presented to the judge, who wrote on the bottom thereof: "Refused and exception." The nine special issues constituted not less than three separate and distinct groups of questions. Two of them were substantially the question that the court submitted.

2   It has been repeatedly held by the courts of this State that it is not error for the trial judge to refuse to submit issues when they are all placed in a single instrument and are intermingled in such a way as to be confusing; and, further, that when issues are submitted in such manner, he is not required to search through the requested issues and submit those which are proper and refuse those which are improper. Longsworth v. Stevens (writ refused), 145 S. W. 257; Thomason et al v. King, 1 S. W. (2d) 408; Indemnity Co. of America v. Slade (writ refused), 4 S. W. (2d) 649; Moore v. Davis, 16 S. W. (2d) 380, affirmed 27 S. W. (2d) 153; American Fidelity & Casualty Co. v. Williams (writ refused), 34 S. W. (2d) 396, 405; Southern Underwriters v. Kelly (writ dismissed), 110 S. W. (2d) 153; 24 Tex. Jur., 496, sec. 37; 41 Tex. Jur., 1048, sec. 244; Speer on Special Issues, p. 374, sec. 254. If one or more of the special issues requested en masse should not be given, the court is justified in refusing to give any of them. Clemmons v. McDowell, 5 S. W. (2d) 224; American Fidelity & Gas Co. v. Williams, 34 S. W. (2d) 396; Sessums et al v. Citizens Nat'l Bk., 72 S. W. (2d) 403; Terrell Wells Health Resort v. Severeid, 95 S. W. (2d) 526.

The Court of Civil Appeals correctly disposed of the questions presented, and therefore the judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered November 5, 1941.