**Wayne Smith GRIFFEY, Appellant,**

**v.**

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 8049.**

Court of Civil Appeals of Texas, Amarillo.

March 16, 1970.

Rehearing Denied April 13, 1970.

Lemon, Close & Atkinson and Otis C. Shearer, Perryton, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins and Jewett E. Huff, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case. Wayne Smith Griffey, plaintiff, brought this action against the defendant, The Travelers Insurance Co. Plaintiff was working for Jack Grace Drilling Co. as a roughneck on February 1, 1968, when he sustained an accidental injury. At the time of his injury, he was starting a motor and the crank kicked back and hit him in his right hand in the wedge between his thumb and forefinger. Defendant was the insurance carrier for Jack Grace Drilling Co. and paid the plaintiff 24 weeks compensation. This case was tried to a jury upon 29 special issues submitted by the court. Judgment was granted for the plaintiff for the sum of $140.00 after allowing the defendant credit for the 24 weeks of compensation theretofore paid plaintiff at the maximum compensation rate. From that judgment, plaintiff perfected this appeal. The parties will be referred to herein as they were in the trial court.

Plaintiff presents this appeal upon two points of error as follows:

"Point One. The trial court erred in failing to submit plaintiff's requested special issues No. 1 through 18 and in overruling plaintiff's objections to the charge of the court, because the evidence raised such fact questions."

"Point Two. The trial court erred in failing to submit plaintiff's requested special issues No. 10–18 relating to injury to the right hand and in overruling plaintiff's objections to the charge of the court, because the evidence raised such fact questions."

We are of the opinion that both of these points are multifarious, but they will be considered. It will be noticed that the plaintiff did not object to the charge of the trial court as to the issues submitted by the court, but objected to the charge because the court did not give the issues that were requested by the plaintiff. All that plaintiff complained of in his motion for new trial was that he was entitled to a new trial because the trial court failed to submit to the jury the 18 requested special issues. All of the special issues requested by the plaintiff were all placed in a single instrument. We have not checked every issue submitted by the court and every issue requested by the plaintiff to determine as to the differences between them, but we did notice that one special issue requested by the plaintiff was identical with one issue submitted by the trial court. We are of the opinion that at least two of the requested issues should not have been given. It is stated in Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786 as follows:

"It has been repeatedly held by the courts of this State that it is not error for the trial judge to refuse to submit issues when they are all placed in a single instrument and are intermingled in such a way as to be confusing; and, further, that when issues are submitted in such manner, he is not required to search through the requested issues and submit those which are proper and refuse those which are improper. Longworth v. Stevens, Tex.Civ.App., 145 S.W. 257, writ refused; Thomason et al. v. King, Tex. Civ.App., 1 S.W.2d 408; Indemnity Co. of America v. Slade, Tex.Civ.App., 4 S.W.2d 649, writ refused; Moore v. Davis, Tex.Civ.App., 16 S.W.2d 380, affirmed, Tex.Com.App., 27 S.W.2d 153; American Fidelity & Casualty Co. v. Williams, Tex.Civ.App., 34 S.W.2d 396, 405, writ refused; Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153, writ dismissed; 24 Tex.Jur. 496, § 37; 41 Tex.Jur. 1048, § 244; Speer on Special Issues, p. 374, § 254. If one or more of the special issues requested en masse should not be given, the court is justified in refusing to give any of them. Clemmons v. McDowell,

Tex.Civ.App., 5 S.W.2d 224; American Fidelity & Cas. Co. v. Williams, Tex.Civ. App., 34 S.W.2d 396; Sessums et al v. Citizens' Nat. Bank, Tex.Civ.App., 72 S.W.2d 403; Terrell Wells Health Resort v. Severeid, Tex.Civ.App., 95 S.W.2d 526."

See also Aetna Casualty & Surety Co. v. Moore, 361 S.W.2d 183 (Sup.Ct.).

Since the plaintiff did not request issues separately as required by the rules, he could not complain thereof on appeal. Rules of Civil Procedure, Rules 277 and 279; Sunset Motor Lines v. Blasingame, Tex.Civ.App., 245 S.W.2d 288 (writ dism'd); Vaughn v. Watkins, Tex.Civ.App., 344 S.W.2d 902 (n. r. e.); Texas General Indemnity Co. v. McNeill, Tex.Civ.App., 261 S.W.2d 378. It is stated in Thompson v. Thompson, Tex. Civ.App., 380 S.W.2d 632 (n. w. h.) as follows:

"By a single instrument the appellant requested the submission of twenty-eight special issues and one special charge over the single signature of her attorney. Some of the issues were submitted by the court and others refused. The appellant contends the court erred in refusing requested issues 3, 4, 6, 7, 8 and 9. The court did not err in refusing issues submitted en masse. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786 (1941), held: '* * * it is not error for the trial judge to refuse to submit issues when they are all placed in a single instrument and are intermingled in such a way as to be confusing; and, further, that when issues are submitted in such manner, he is not required to search through the requested issues and submit those which are proper and refuse those which are improper.' The court further held: 'If one or more of the special issues requested en masse should not be given, the court is justified in refusing to give any of them.' See also Vaughn v. Watkins, 344 S.W.2d 902, 904 (Eastland Civ.App., 1961, Writ refused, n. r. e.)."

We have carefully considered both of plaintiff's points of error and overrule both of them. The judgment of the trial court is affirmed.