# J. Snow Hardware Co. v. Loveman & Co. *et al.*

*Action to recover Damages for Breach of Contract.*

1. *Evidence; admissibility of entries of executory contract.*
   When the entry of a memorandum of an executory contract for the delivery of goods in the future is made by a bookkeeper in accordance with the seller's instructions, at a time when the buyer was not present, and it is shown that the bookkeeper had no knowledge of the contract or of the truthfulness of the memorandum, such entry is not admissible in evidence against the buyer.

APPEAL from the County Court of Tuscaloosa.
Tried before the Hon. J. J. MAYFIELD.

The appeal in this case was prosecuted by the plaintiff in the action from a judgment rendered in favor of the defendant, and the rulings of the trial court upon the evidence are assigned as error. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

FOSTER & OLIVER, for appellant.—The memorandum entry was hearsay, and should have been excluded on objection by appellant.—*Acklen v. Hickman*, 63 Ala. 494; *Jeffries v. Castleman*, 68 Ala. 432; *Hart v. Kendall*, 82 Ala. 144.

HENRY A. JONES, *contra*, cited *Acklen v. Hickman*, 63 Ala. 494; *Bolling v. Fannin*, 97 Ala. 619; *Snodgrass v. Coulson*, 90 Ala. 347.

DOWDELL, J.—The appellant company, a corporation, sued the appellees, defendants, to recover damages for the breach of two contracts for the sale of cotton to appellant. The contracts were made by J. W. Sanders, representing the appellant, and E. P. Loveman, the appellees. At the time of making the second of these two contracts, Sanders and Loveman were together in appellees' back office, no one else being present. There was dispute as to the terms of the second contract. Sanders testified that appellees sold his company at that time two hundred bales of cotton to be delivered in the month of February. Loveman testified that the amount sold was one hundred bales. It was not denied that one hundred bales had been delivered. At the time of making the second contract, after Sanders left the office, Loveman went into the front office where his bookkeeper, John G. Brady, was, and told the latter to enter a memorandum of the sale. Loveman did not make the memorandum, and did not see it made; and Brady had no knowledge of the contract or of the truthfulness of the memorandum. Sanders was not present when the memorandum was made and had no knowledge of its contents. Brady testified that Loveman gave him the

directions as to the entry of the memorandum in a very low tone of voice. On this evidence the court permitted the entry made by Brady to be introduced in evidence against the objection and exception of the appellant. Whether the memorandum, under such circumstances, was legal and competent evidence is the sole question for our consideration.

The memorandum here was of an executory contract between the parties for the delivery of goods in the future, the same to be paid for upon delivery. Consequently such an entry would not fall within the "shop-book" rule, since that rule requires that the book itself must be the registry of business actually done, and not of orders, executory contracts, and things to be done subsequent to the entry. Besides, the shop-book rule, as it is called, is confined to entries of goods sold and delivered, or of work and labor performed.—1 Green. Ev., § 118, note 2. The memorandum in the present case was nothing more nor less than hearsay evidence. It would certainly not have been competent for Brady to have testified to what Loveman told him as to the terms of the contract. The memorandum in this case is nothing more than that.—*Acklen's Extr. v. Hickman,* 63 Ala. 494; *Jeffries v. Castleman,* 68 Ala. 432; *Hart v. Kendall,* 82 Ala. 144. In the last case above cited, that of *Hart v. Kendall,* it was said by this court: "It is essential to the admissibility of entries made by a living witness that he shall be able to tell that at or about the time the entries were made he knew their contents and knew them to be true, so that the entries and the testimony of the witness concurrently shall be equivalent to a present affirmation of the truth of their contents." This authority seems to be conclusive of the question here presented.

The court erred in its ruling, and for the error the judgment will be reversed and the cause remanded.

Reversed and remanded.