### J. M. Luttrell v. R. H. Parry.

#### Decided June 9, 1910.

**Evidence—Shop Books—Contract.**

An entry on the books of an architect, made by his employe, as to the terms of an order for plans for residences, not made in the presence of the party giving the order nor with the purpose by the parties of preserving a written memorandum of their agreement, is not admissible, in favor of the architect, as evidence of the terms of the contract. The rule admitting "shop books" in evidence is confined to entries of goods sold and delivered or of work and labor performed.

Error from the County Court of Palo Pinto County. Tried below before Hon. E. B. Ritchie.

*J. T. Ranspot* and *Penix & Eberhart,* for plaintiff in error.—Cited. Rupp v. O'Conner, 21 S. W., 619; Mings v. Grigsby Const. Co., 106 S. W., 192; Jones on Evidence, 2d ed., art. 574.

*Albert Stevenson,* for defendant in error.—Bupp v. O'Conner is authority for defendant in error. Mings v. Grigsby is not in point.

LEVY, Associate Justice.—The appellee claims in his suit that he contracted with appellant to make plans and specifications for the erection of two certain houses. It was a material issue in the trial of the case as to the condition in the agreement for the pay for the plans and specifications. Appellee contended that the plans and specifications were ordered to be drawn on the basis of the cost of material and construction to be $3,000 for each building. Appellant contended, among other things, that the cost of material and construction was to be $2,500 for each building. Upon the trial appellee, while testifying as a witness in his own behalf, was handed a book, which he identified as a book kept in his office and ordinarily used by himself and his employes in entering memoranda of all orders received and taken for plans and specifications. His attention was then called to the following memorandum on a page in the book reading, "J. M. Luttrell ordered sketches for two residences to cost $3,000 each, to be two story, 8 to 10 rooms, to be ceiled and papered, and to have fireplaces, no furnaces." He testified, "the entry was made by John R. Scott, an employe in my office at the time; he has since left the country. I recognize the handwriting as being the writing of Scott. My attention was not called to said entry by any one; I discovered it on the book a day or so after it was made." The entry on the book was then read, over objection of appellant, as substantive evidence of the terms of agreement and transaction of the parties. The introduction of the book entry is made the basis of the first assignment of error, and was, we think, reversible error. The bill of exceptions does not show that the entry was made in the presence of the appellant, as evidencing the intention of the parties to make such written memorandum of the terms of agreement, or as being made fairly contemporaneous with the fact of the agreement, as admissible as *res gestae.* The precise question presented is

the admissibility of the entry in question as evidence to prove or tending to prove the terms of a special contract between the parties.    A memorandum of the terms of a special contract entered on an order book kept for the purpose might be for the convenience of the particular person and an orderly conduct of his business, but it is not the usual method of preserving the evidence of the making of the contract. It is merely a memorandum of something to be done by him subsequent to the time of the entry.    Consequently, as the point is made here, the entry in the book has the effect simply of showing appellee's version of a parol contract.    In Cole v. Dial, 8 Texas, 348, it was ruled that entries in a merchant's book of money loaned or advanced are not competent evidence even after the death of the merchant.    The "shop book" rule is confined to entries of goods sold and delivered, or of work and labor performed.    1 Greenleaf on Ev., sec. 118.    In re Ward's Estate, 73 Mich., 220, 41 N. W., 431, there was in evidence an entry found on the book of E. B. Ward to the effect "that he had turned over to Mrs. Smith, stock in the Wyandotte Rolling Mill Company to the amount of $7,300 in full of her share of the estate."    It was not admitted that Mrs. Smith received the stock on any such terms, and the court ruled that the entry could not have any weight to prove such settlement.    The effect of the ruling is that the entry was not competent evidence.    In the instant exception it does not appear how Scott, who made the entry, got his information.    If he entered it on information or by being told so, then the memorandum was nothing more or less than hearsay evidence.    Certainly Scott could not have testified as to what some one else had told him as to the terms of the contract.    Snow Hdw. Co. v. Loveman, 131 Ala., 221, 31 So., 19.

For the error stated the judgment was ordered reversed and the cause remanded.

*Reversed and remanded.*