McGOWAN v. EUBANK.    (No. 7382.)

(Court of Civil Appeals of Texas. Dallas. June 5, 1915.)

1. BROKERS ⬤⟞61—RIGHT TO COMPENSATION —FAILURE TO COMPLETE CONTRACT.

That a broker, employed by defendant to procure a purchaser for land, knew that defendant's title to the land was defective, did not defeat his right to commissions, where he procured a purchaser but the purchaser refused to take such defective title, if defendant agreed with the broker to cure the defect in the title before the contract was made.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92, 93; Dec. Dig. ⬤⟞61.]

2. BROKERS ⬤⟞61—RIGHT TO COMPENSATION —FAILURE TO COMPLETE CONTRACT.

Where defendant contracted to convey land clear of debt to a purchaser procured by a broker, an unpaid note given a former owner of the land for the purchase price was an indebtedness which defendant was bound to discharge, and, failing to do this, the purchaser had the right to refuse to comply with the contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92, 93; Dec. Dig. ⬤⟞ 61.]

Appeal from Hill County Court; J. B. Stephenson, Judge.

Action by Matt McGowan against Jim Eubank. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

T. H. Jackson, of Hillsboro, for appellant.

RAINEY, C. J. Appellant, a real estate broker, sued appellee for services in procuring a party ready and willing to exchange property, which exchange was not consummated because of the lack of title in appellee. The cause was tried without a jury, and judgment was rendered for appellee, from which this appeal was taken.

Appellant procured one Elias Holt to contract to exchange land with appellee, which was agreed to by appellee, who contracted to convey his land clear of debt. Holt, after investigation, concluded the title was bad and refused to make the exchange, because the title was bad to one of appellee's lots.

[1] The theory urged by appellee to the right of recovery was that appellant knew the title was defective, and he thereby took the chances of consummating the exchange of the property. Berg v. Street Railway Co., 49 S. W. 929. But this defense will not prevent a recovery if appellee agreed with appellant to free the lot from debt before the contract was made, and there was a debt on the lot and the appellee did not discharge it.

[2] All the witnesses speak of the title to one of appellee's lots as being bad, but fail to show in what particular it is defective, except in one instance where one witness says the railroad company, about 30 years ago, sold one of the lots for $25 cash and note for $75, which is not shown to have been paid. If said note had never been paid, it was an outstanding indebtedness, which appellee under his contract was bound to discharge, and, failing to do this, Holt had the right to refuse to comply with the contract of exchange, and if this was the only defect in the title appellant was entitled to recover.

If there was any other defect in the title, the statement of facts does not definitely show it, nor does it show that appellant knew of any other defect in the title. In the state of the evidence, we do not feel justified in affirming the case, nor in rendering it for appellant. Therefore we have concluded to reverse the judgment and remand the cause for a new trial.