## BRIGHAM v. CASON. (No. 9605.)

(Court of Civil Appeals of Texas. Fort Worth. April 16, 1921.)

**1. Brokers ⬦63(1)—Commission due when purchaser found although the owner refuses to convey because of facts known to broker.**

Under a contract to find a purchaser for land, the commission is due when the purchaser is found, even if the owner refuses to convey on the ground that the land is a homestead belonging to him and his wife, who refuses to join in the conveyance, although the broker knew these facts at the time of making the contract of sale on the land.

**2. Brokers ⬦63(2)—Commission due on finding purchaser, if refusal to convey is put on an insufficient ground, though purchasers demand abstract stipulated against by contract.**

Where the refusal to convey was put on the ground that the land was the homestead of defendant and his wife, who refused to join in the conveyance, even if the prospective purchaser demanded an abstract which was not according to the contract of the owner with the broker, a commission of the broker is due on finding the purchaser ready and willing to buy.

**3. Brokers ⬦44—Where the broker has no interest, contract is revocable at the will of the owner.**

· A contract of the broker to find a purchaser for land where it was without an interest in the broker was revocable at will, and where the owner revoked it before the sale was made, he is not liable under it.

**4. Brokers ⬦72, 79 — Where contract is wrongfully revoked, broker may recover on quantum meruit.**

Where contract to find a purchaser for land is wrongfully revoked, and the broker had a purchaser ready and willing to buy, he may recover on a quantum meruit for reasonable profit on the sale, and may recover expenses incurred.

Appeal from Cooke County Court; H. S. Holman, Judge.

Action by M. T. Brigham against S. B. Cason. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Webb & Cantrell, of Sherman, for appellant.

J. T. Adams, of Gainesville, for appellee.

BUCK, J. This is a suit by M. T. Brigham, appellant here, a real estate broker, for $400 commission for finding a purchaser for a 160-acre tract of land in Cooke county, under a contract with S. B. Cason. January 3, 1920, Cason listed 160 acres of land with plaintiff below, at $50 an acre, agreeing to pay 5 per cent. commission on the selling price. Plaintiff understood to and did find within the 30 days a purchaser, to wit, C. F. Pelphrey, who was ready, willing, and able to purchase said land on the terms mentioned. The land was the homestead of Mr. and Mrs. S. B. Cason, and when Mr. Cason went home after listing the land for sale with Brigham, he told his wife what he had done,. and she refused to sell, and told him to go back to Brigham and tell him that she would not sell, and withdraw the land from the market. Cason, the next morning, did this, saying that he was willing to sell at the price mentioned, that he thought it was more than the land was worth, but that his wife was not willing. Brigham would not agree to the withdrawal of Cason from his written contract, and that day saw Pelphrey, who agreed to take the land at the price and

upon the terms specified. Upon a demand by Brigham upon Cason to come in with his wife and close the deal, and his failure so to do, this suit was filed.

Defendant pleaded that he was a married man, and the property offered for sale was the homestead of himself and wife, and that his wife had refused to sell, and that in consequence thereof, and in compliance with his wife's request, he went to plaintiff and, before the contract of sale was made between said plaintiff and Pelphrey, told him of his wife's refusal, and withdrew the land from the market.

Plaintiff tendered a special exception to this plea, and complaint is made of the failure of the court to sustain the same, in the first assignment of error. In the charge the court instructed the jury as follows:

"If you find that the defendant, S. B. Cason, was a married man, and that the land in controversy was the homestead of the defendant and his wife, and was occupied by them as such, and that these facts were known to plaintiff at the time he made such sale, if any, and that the wife of defendant refused to join in such sale, and execute a deed to the purchaser of said land, and that defendant was ready and willing to carry out his part of said contract of sale, and that the failure of his wife to execute said deed of conveyance was not participated in by defendant, and that these facts were known to plaintiff, then plaintiff cannot recover, and you will find for defendant."

Appellant has an assignment directed to the giving of this charge. We will discuss these two assignments together.

[1] A broker employed to procure a purchaser who produced a purchaser ready, willing, and able to buy on obtaining a good title has earned his commission, though the owner contracting to sell is unable to convey good title. O'Reilly v. Cryer, 175 S. W. 773; McGowan v. Eubank, 177 S. W. 512; Slade & Bassett v. Crum, 193 S. W. 723; Hamburger & Dreyling v. Thomas, 103 Tex. 280, 126 S. W. 561; Gibson v. Gray, 17 Tex. Civ. App. 646, 43 S. W. 922.

That a husband who employs a broker to find a purchaser for a homestead cannot escape payment of commission on the ground that the wife refused to sign the deed is likewise supported by ample authority. Krebs v. Popp, 42 Tex. Civ. App. 346, 94 S. W. 115, by this court; Brewer v. Wall, 23 Tex. 585, 76 Am. Dec. 76; Cross v. Everts, 28 Tex. 524; Goff v. Jones, 70 Tex. 572, 8 S. W. 525, 8 Am. St. Rep. 619; Young v. Ruhwedel, 119 Mo. App. 231, 96 S. W. 228; Curry v. Whitmore, 110 Mo. App. 204, 84 S. W. 1131; McCray & Son v. Pfost, 118 Mo. App. 672, 94 S. W. 998. Hence we conclude that the defense included in the quoted paragraph of the court's charge was not a proper one, and that reversible error was committed in submitting it.

[2] It is urged that the evidence shows that the buyer wanted defendant to submit an abstract showing title, and that according to the written agreement defendant did not agree to furnish an abstract. Perhaps a sufficient answer to this contention, even if available, is that the refusal of Mrs. Cason to sign the deed was not based upon this ground, but upon the ground that she did not want to sell the homestead for any price.

[3] We cannot render judgment for appellant here, because the contract of agency, being one without interest in the subject-matter of the agency, is revocable at the will of the principal. 4 R. C. L. p. 253, and note 18 thereunder. In McCallum v. Grier, 86 S. C. 162, 68 S. E. 466, 138 Am. St. Rep. 1037, the Supreme Court of South Carolina says:

"The next question that will be considered is whether the defendant had the power to revoke the authority of her agent during the time fixed for the continuance of her contract with the agent. 'As between principal and agent, authority is revocable at any time, if not coupled with an interest. The authority of an agent to represent the principal depends upon the will and license of the latter. It is the act of the principal which creates the authority; it is for his benefit, and to subserve his purposes, that it is called into being; and unless the agent has acquired with the authority an interest in the subject-matter, it is in the principal's interest alone that the authority is to be exercised. The agent, obviously, except in the instance mentioned, can have no right to insist upon a further execution of the authority, if the principal himself desires it to terminate. It is the general rule of law, therefore, that, as between the agent and his principal, the authority of the agent may be revoked by the principal at his will at any time, and with or without good reason therefor, except in those cases where the authority is coupled with sufficient interest in the agent. And this is true, even though the authority be in express terms declared to be 'exclusive' or 'irrevocable.' But although the principal has the power thus to revoke the authority, he may subject himself to a claim for damages, if he exercises it contrary to his express or implied agreement in the matter. An agency is sometimes said to be irrevocable when it is conferred for a valuable consideration. It is believed, however, that this is only another form of stating the general rule that it must be coupled with an interest."

[4] That the broker can recover any expenses incurred in the effort to sell where the authority to sell is improperly revoked is well established, and he may recover a reasonable profit on the sale, where he has procured a buyer ready, willing, and able to buy. That this profit may be the same as agreed upon as the commission does not change the rule that in such case the broker is limited to a suit in quantum meruit.

In Sedgwick on Damages, § 177, it is said:

"It is the rule that a plaintiff may recover compensation for any gain which he can make it appear with reasonable certainty that the de-

fendant's wrongful act prevented him from acquiring, subject, of course, to the general principles as to remoteness, compensation, etc. His compensation will be measured by the most liberal scale which he can show to be a proper one."

Mechem on Agency (3d Ed.) § 621, says:

"When, however, there has been an employment for a definite period, and the agent is discharged without cause before the expiration of that period, or is not permitted to undertake the performance at all, the principal is liable to the agent for the damages for breach of contract."

In Johnson & Moran v. Buchanan, 54 Tex. Civ. App. 328, 331, 116 S. W. 875, 876, Associate Justice Dunklin, speaking for this court, said:

"As a contract of agency cannot be specifically enforced, the principal may revoke the authority given the agent when that authority is not coupled with an interest, even though the contract of agency expressly provides that it is irrevocable; but, while in this sense he has the right to revoke it, the exercise of this power in violation of the terms of the contract is subject to the same liability to the agent as would be incurred by the breach of any other contract."

For the reasons given, the judgment is reversed, and the cause remanded for a new trial, not inconsistent with this opinion.