**TEXAS INTERSTATE REALTY CO. v.
SMALL. (No. 1464.)**

(Court of Civil Appeals of Texas. El Paso. April 12, 1923. Rehearing Denied May 10, 1923.)

**Brokers ⬤⟿61(4)—Cannot hold owner responsible for failure of sale, if brokers knew of title defects at time of agreement to sell.**

Brokers, who know of defects in title to land at the time they undertake to sell it, cannot hold the owner responsible for failure of sale because of such defects.

Appeal from Comanche County Court; F. J. Reese, Judge.

Action by the Texas Interstate Realty Company, a copartnership, against John W. Small. Judgment for defendant, and plaintiff appeals. Affirmed.

Callaway & Callaway, of Comanche, and W. T. McPherson, of Ysleta, for appellant.
A. E. Nabors and A. R. Eidson, both of Hamilton, for appellee.

HARPER, C. J. Appellants, a copartnership, brought this suit against appellee for $662.50, being commissions claimed by plaintiffs as brokers for the sale of appellee's lands.

In substance, they allege that appellee listed his land with them for sale as real estate agents at $650 per acre, to pay 5 per cent. commission on said amount, and in addition to pay all amounts over $3,250 procured for the land, appellee to furnish good and merchantable title, and show same by complete abstract; that they procured a purchaser ready, able, and willing to comply with the terms of said sale, a written contract between the defendant and the purchaser executed; and another count upon quantum meruit.

Defendant answered by general demurrer and general denial.

Submitted by the court upon special issues; and upon the answers judgment was entered for defendant. From which an appeal has been perfected.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellants present eight assignments and several propositions; their contention being that the court erred in submitting the case to the jury because, under the undisputed facts, the court should have given their requested peremptory instruction; the proposition being that they had complied with their contract by procuring a purchaser satisfactory to appellee and that appellee entered into a valid enforceable written contract with him, in other words, that the proof corresponds with the pleadings.

The only testimony in the case is from defendant (appellee) and it does not support appellants' contention but, upon the other hand, evidences a very different state of facts; it is to the effect that he agreed to sell the land for $650 per acre cash, and, further:

"It was specifically agreed that I was to get the money before any commission was due. The purchaser was not satisfactory because he did not pay as he agreed to do; that he didn't close the deal because of a defect in the title shown by the abstract. I told the appellant of the defect before I made the contract with them to sell it," etc.

Brokers, who know of defects in the title to lands at the time they undertake to sell it, cannot hold the owner responsible for failure of sale because of such defects. Montgomery v. Amsler, 57 Tex. Civ. App. 216, 122 S. W. 307; McGowan v. Eubank (Tex. Civ. App.) 177 S. W. 512; Berg v. San Antonio St. Ry. Co. (Tex. Civ. App.) 49 S. W. 921.

The above testimony being undisputed the trial court should have instructed a verdict for defendant.

Affirmed.