SOUTHERN TRUST COMPANY *v.* BUNCH.

Opinion delivered April 30, 1923.

1. BROKERS—RIGHT TO COMMISSION.—If, at a time a broker makes a sale of property, he has knowledge or information of defects in the title, and by reason of these defects the sale cannot be made effective, he is not entitled to his commissions.

2. BROKERS—RIGHT TO COMMISSION.—A suit to set aside a conveyance from husband to wife as in fraud of his creditors is not a mere incumbrance on her title which she could remove so as to entitle her broker to his commission for procuring a purchaser to buy the land.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*J. H. Carmichael*, for appellant, Southern Trust Co.

The controversy, so far as appellant is concerned, involved only a commission as real estate agent earned by the sale of the lots in accordance with a contract therefor. Bunch and wife were unable to make a marketable title because of suit of appellee, Empire Cotton Oil Co., but that does not release them from payment of the earned commission. 89 Ark. 289, 20 L. R. A. (N. S.) 1168; 128 Ark. 14; 131 Ark. 580; 132 Ark. 381; 112 Ark. 570. Right not affected by Southern Trust Company's knowledge of suit of Empire Cotton Oil Co. 4 R. C. L., § 51, Brokers; 24 L. R. A. (N. S.) 1182; 3 L. R. A. (N. S.) 576, and note; 37 Pac. 199. This case as between the Southern Trust Co., appellant, and appellees, T. H. and Laura L. Bunch, should be reversed and judgment entered here in its favor, and the attachment sustained.

*Rose, Hemingway, Cantrell & Loughborough*, for appellees.

Broker had knowledge of defect in the title before securing the purchaser, and is not entitled to commission. 9 Corpus Juris 629; 109 S. E. (Va.) 468; 43 S. W. (Tex.) 929; 161 N. W. (Mich.) 876; 130 S. W. (Tex.) 227. 37 Pac. 199 stands alone without reason or authority to support it, and Arkansas cases cited not applicable on facts of this case.

*J. H. Carmichael*, in reply.

Appellees bound by their contract to furnish abstract showing merchantable title. 152 Ark. 192; 145 Ark. 262. Right to recover commission depends on service of the broker under the contract, and is not defeated by a defect in the title to the property sold. 149 Ark. 382.

McCulloch, C. J. Appellant, Southern Trust Company, a banking institution doing business in the city of Little Rock, was joined as one of the defendants in the suit instituted by Empire Cotton Oil Company against

T. H. Bunch and wife, Laura L. Bunch, to subject certain real estate in the city of Little Rock to the payment of a debt due by T. H. Bunch to the Empire Cotton Oil Company. The present appellant was joined in the action by reason of the fact that it held the legal title, as trustee, and also held a mortgage on the property, executed to it by Bunch and wife. There was a decree in favor of the Empire Cotton Oil Company, deciding that the property had been fraudulently conveyed or attempted to be conveyed to Laura L. Bunch to defeat the creditors of T. H. Bunch, and subjecting the property to the indebtedness held by the Empire Cotton Oil Company. The decree, however, was subject to the prior incumbrance of the appellant Southern Trust Company. Appellant filed a cross-complaint in that action, alleging that T. H. Bunch and Laura L. Bunch were indebted to it in the sum of $2,500 as earned commission for procuring a purchaser of the property under written contract. Appellant set up a contract between it and the appellees, T. H. Bunch and Laura L. Bunch, authorizing appellant to sell the property for a commission of five per centum, and it was alleged that it produced a purchaser ready, willing and able to take the property, but that the deal was not consummated for the reason that a marketable title was not furnished by appellees.

The facts concerning the difficulties in which the Bunches were in are recited in the opinion handed down today in *Bunch* v. *Empire Cotton Oil Company*, 158 Ark. 462. Briefly stated, the facts are that T. H. Bunch had acquired the title to the property involved partly by purchase and partly by inheritance, and had conveyed the property to W. B. Worthen Company as trustee, the deed failing to disclose, however, the purpose of the trust, and it was claimed that the W. B. Worthen Company held the beneficial interest as trustee for Mrs. Bunch. In the final decree the chancery court held that the attempt to put the beneficial interest in Mrs. Bunch was fraudulent; and the property was decreed to be subjected to the

. debt of the Empire Cotton Oil Company. The W. B. Worthen Company had, prior to this litigation, conveyed the property to the Southern Trust Company, and Bunch and wife had executed to the Southern Trust Company, or to a trustee for its benefit, the property as security for a debt aggregating at that time something over $60,000.

The real estate department of appellant had been managing the property since it was mortgaged in the year 1913, and after Bunch and wife removed from Little Rock, about the year 1916, or a little later, they became anxious to sell the property, and entered into a contract with appellant to find a purchaser and effect a sale. A sale was negotiated to E. O. Bagley for an agreed consideration of $50,000, and Bagley made a deposit of $500 to close the deal. Bunch and wife executed a deed to Bagley and forwarded it to appellant from New York, where they resided, but Bagley's attorney declined to approve the title on account of the pendency of the action instituted by the Empire Cotton Oil Company. This broke up the deal, and the sale was not consummated.

The contract between appellant and appellee was dated May 17, 1920, and provided that appellee should "have the sole and exclusive agency of sale for said property for a period of three months from this date, and thereafter until notified * * * of its withdrawal from sale," and that appellees should "furnish complete abstract showing merchantable title."

The action of Empire Cotton Oil Co. against appellees was instituted on August 20, 1920, and the sale to Bagley was negotiated by appellant on November 22, 1920, which was after the expiration of the period prescribed in the contract for the agency to be exclusive and irrevocable.

Appellant claims the right of recovery on the ground that it furnished a purchaser ready, willing and able to take the property and who was accepted by ap-

pellees, and a binding contract was entered into, but the sale was frustrated by the failure of appellees to furnish a marketable title. The contention of counsel for appellant is that the claim of the Empire Cotton Oil Company was merely an incumbrance on the property, and that it was the duty of appellees, Bunch and wife, to remove it so as to make the title marketable.

Counsel for appellees contend that appellees are relieved from liability for the commission on account of the failure to furnish a marketable title for the reason that the defect was known to appellant at the time it negotiated the sale to Bagley. The authorities seem to sustain this rule, and it appeals to us as being one highly just and reasonable. The rule has been stated in a Virginia case as follows

"If at the time a broker makes sale of property he has knowledge of, or information of defects in the title, and by reason of these defects the sale cannot be made effective, he is not entitled to his commission." *Foltz* v. *Conrad Realty Co.*, 131 Va. 496, 109 S. E. 468. See also *Hoyt* v. *Shipherd*, 70 Ill. 309; *Appleby* v. *Sperling*, 194 Mich. 681, 161 N. W. 876; *Wilson* v. *Crawford*, 61 Tex. Civ. App. 508, 130 S. W. 227.

It is contended, on the other hand, by counsel for appellant that this rule does not apply where the defect is a mere incumbrance which can be removed by the vendor. We do not, however, think that the pendency of litigation with the Empire Cotton Oil Company can be treated as a mere incumbrance, for the debt was not that of Mrs. Bunch, and she was contending that the property belonged to her. It is true that the chancery court subsequently decided that the property should be subjected to the payment of the debt of plaintiff in the case, but the situation constituted a defect in the title which prevented it from being marketable, and it was not a mere incumbrance which imposed upon Mrs. Bunch the duty to remove in order to carry out the contract of sale negotiated by appellant. Appellant was acting

as the rental agent of Bunch, and managed the property Its officers knew of the pendency of this suit and knew that it was being resisted on the ground that Mrs. Bunch claimed the property. In other words, it was aware of the fact, when the sale was negotiated, that, if the purchaser insisted upon a removal of the defect created by the litigation with the Empire Cotton Oil Company, the sale could not be effected, and this knowledge prevents a recovery of the commission, and brings the case within the rule announced in the authorities just cited. The fact is unimportant that the contract between the parties provided for an exclusive agency for a definite period for the sale of the property (*Blumenthal* v. *Bridges*, 91 Ark. 212), for the reason that the period prescribed for an exclusive agency had expired when appellant negotiated the sale to Bagley, and the agency was revocable at that time. The effect of appellant's knowledge at that time of the defect in the title was the same as if it had possessed that knowledge at the time of the original contract. The court was correct therefore in refusing to decree a recovery of the commission.

Affirmed.