PITTS v. STERLING.

BROKERS—COMMISSIONS—RIGHT TO RECOVER.

Where broker knew that vendors would have to obtain license from probate court to sell, but failed to communicate same to vendee, who repudiated contract to purchase because abstract did not show title in vendors, broker is not entitled to recover commission.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 19, 1932. (Docket No. 186, Calendar No. 35,896.) Decided April 4, 1932.

Assumpsit by George W. Pitts against Carrie L. Sterling and another to recover commission for the sale of real estate. Judgment for plaintiff. Defendants appeal. Reversed, and judgment ordered entered for defendants.

*Hatfield, Hall & Wood,* for plaintiff.

*Jorgensen & Alexander (Guy W. Moore,* of counsel), for defendants.

As to when sale fails because of defects in employer's title, see annotation in 43 L. R. A. 609; 3 L. R. A. (N. S.) 576; 24 L. R. A. (N. S.) 1182; L. R. A. 1915E, 714; 56 A. L. R. 913.

FEAD, J. This is an action to recover commission on sale of real estate. Plaintiff had judgment on trial before the court.

After some negotiations, plaintiff, through his agent, presented to defendants a preliminary agreement to sell the property to H. B. Ames, in which defendants agreed to pay plaintiff a commission. The agreement provided for a down payment, another payment within 10 days after delivery of abstract showing merchantable title, and balance upon five-year land contract. Abstract was delivered, but title was not in defendants, and Ames refused to make the payment and complete the deal, but some months later demanded, and, by suit, recovered back, the down payment.

The property was held in trust under a will, and probate proceedings were necessary to permit a sale. Plaintiff knew this. Defendants claimed that plaintiff agreed with them that they should have time to secure the necessary license to sell. Upon this claim and the holding that defendants did not move promptly to secure license, the court found for plaintiff.

A review of the testimony, however, reveals no evidence that the agreement to later perfect title was communicated to Ames by the plaintiff. Defendants had no contract with Ames except through plaintiff. Ames repudiated the deal solely because the abstract did not show title in defendants. The record does not indicate that he agreed to wait for license. The case is within the rule, not the exception, stated in *Cain* v. *Masurette,* 196 Mich. 7:

"While the weight of authority is to the effect that it is no defense to an action brought by an agent against his principal to recover commissions for negotiating a sale of land that the principal does

not hold title to the land, or cannot convey a perfect title, * * * yet the decisions generally hold that where a broker, who at the time he makes his contract with the owner, knows of defects in the employer's title, or who knows of facts sufficient to put a prudent person on inquiry, which, if followed with reasonable diligence, would have resulted in such knowledge, he is not entitled to recover where the sale failed because of such facts, unless it was the intention of the parties that the employer should subsequently perfect his title in order to be able to perform."

Judgment reversed, and cause remanded for entry of judgment for defendants, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.