FRANKE v. JONES.

No. 5539.

Court of Civil Appeals of Texas. Amarillo.

March 29, 1943.

Rehearing Denied May 3, 1943.

796

Polk Shelton, of Austin, and Wilcox & Wood, of Georgetown, for appellant.

F. L. Kuykendall, of Austin, for appellee.

FOLLEY, Justice.

This is a brokerage commission suit filed by the appellee, E. W. Jones, against the appellant, R. L. Franke, seeking recovery of $1,300 for appellee's services in procuring a purchaser ready, able, and willing to purchase about 870.71 acres of appellant's land situated partly in Travis and partly in Williamson Counties and only a few miles from the city of Austin.

The land was listed in writing with appellee at the price of $26,000. Appellant agreed to pay appellee a five per cent commission. Such listing was not exclusive. Gus Doering and John Gilbert, other real estate dealers, were also attempting to sell the land and did effect a sale thereof to Clint C. Small. All of the real estate dealers resided in Austin.

Appellee alleged that on August 30, 1941, after said land had been listed with him, he procured a purchaser, namely, W. R. Nabours, who was ready, able, and willing to purchase such land for $26,000, and that on said date he advised appellant orally and in writing of the offer of Nabours; that appellant refused to enter into a contract of sale with Nabours or to execute a deed conveying the land to him; and that by reason of such facts appellant was indebted to appellee in the sum of $1,300, the five per cent commission agreed upon.

Appellant answered that he had also listed his property with Gus Doering and John Gilbert, real estate dealers; that prior to August 30, 1941, such dealers had produced a purchaser, Clint C. Small, who was ready, able, and willing to purchase such property; and that he had sold the property to Small and paid the commission to Doering and Gilbert.

The facts reveal that appellant listed the land with appellee on August 6, 1941. W. H. Carver, another real estate dealer of Austin, worked with appellee in attempting to sell the land. They were successful in interesting W. R. Nabours in the property. On Saturday, August 30, 1941, Nabours, who had theretofore inspected the land, told Carver he would buy the land for the price at which it was listed with appellee. On that same afternoon such offer was transmitted orally by Jones and Carver to appellant at Jones' office in Austin. Appellant did not accept the offer but stated that he would have to see his wife out at the farm. Jones told him to talk to his wife and then come back to town, that he would wait for him. About dark, appellant telephoned Jones from a grocery store at the outskirts of Austin. Jones and Carver then went to the grocery store and gave appellant a letter which Jones had written and which constituted a written offer for the land in behalf of Nabours at the price listed. In such written offer appellant was informed that Nabours was then ready to enter into a contract to purchase the land. Appellant rejected the offer and refused to enter into

such contract, upon the pretense that he and his wife had decided to take the land off the market and not sell it at any price.

It appears that for a few days prior to August 30, 1941, Doering and Gilbert were attempting to sell the land to Clint C. Small. Small had looked at the land with Doering and Gilbert on Monday, August 25, 1941. He looked at it again alone about Wednesday of that week. On Friday he was away from Austin and was not accessible. On that day Gilbert telephoned Small's office and asked C. C. Small, Jr., the son of Clint C. Small, for a letter making a written offer to appellant. C. C. Small, Jr., replied that no offer could be made until his father returned to Austin. However, on the preceding day, namely, August twenty-ninth, Gilbert had told Doering that Small would purchase the land for $26,250. Doering immediately on the same day conveyed this purported offer to appellant.

At the time appellant refused Nabours' offer on Saturday, August thirtieth, he did not reveal to Jones and Carver that Doering had told him about the offer from Small. On that same Saturday, Small returned to Austin and that afternoon inspected the land again. He talked to appellant out at the firm, which was after appellant had returned home from Austin where he had received the oral offer authorized by Nabours. It was sometime later that day that appellant received the written commitment from appellee and Carver at the grocery store. On Saturday afternoon Small made no offer for the land, but told appellant he would go back to town and make him some kind of an offer. It was not until Tuesday, September 2, 1941, that Small actually made an offer of any sort. On that day he gave Gilbert a letter offering $26,250 for the land. This offer was accepted by appellant and the sale was fully consummated and the commission paid to Doering and Gilbert.

By trial amendment appellant alleged that he believed in good faith that Small had offered to purchase the land and, acting upon such belief, on August 29, 1941, he consented and agreed to the sale of his land to Small, and that on September 2, 1941, Small had knowledge that appellant had been informed of the purported offer and with such knowledge at hand Small thereupon ratified the acts of Gilbert and Doering.

In the trial the jury found that on August 30, 1941, W. R. Nabours was ready, able, and willing to purchase the land for $26,000; that on said date appellant was so informed; that on August 29, 1941, Clint C. Small was not ready, able, and willing to purchase the land for $26,250; that Small did not authorize Gilbert to inform appellant that he was ready, able, and willing to purchase the land; that on August 29, 1941, or prior thereto, Gilbert informed Doering that Small was ready, able, and willing to purchase the land; that on August 29, 1941, Doering so informed appellant; that on August 29, 1941, appellant did not in good faith believe that Small had offered to purchase the land; that on September 2, 1941, Small knew of the purported offer made in his behalf by Doering; and that on said date Small intended to ratify the acts of Gilbert and Doering.

The court rendered judgment in appellee's favor and against appellant for $1,300, the amount of commission alleged to have been due.

■■ The undisputed evidence and the findings of the jury established beyond controversy that on August 30, 1941, appellee produced a purchaser who was ready, able, and willing to purchase the land for $26,000, and that such offer was made prior to the time the actual purchaser, Clint C. Small, was ready, able, and willing to purchase the land. Unless appellant had good grounds for refusing to complete the transaction with the first customer thus produced, he became liable for the commission to the broker who secured him. The right to such commission under such circumstances is not defeated or taken away, as a general rule, by the refusal of the principal to complete the transaction, and such a refusal ordinarily "must not be arbitrary, capricious, unreasonable, wrongful, or fraudulent." 12 C.J.S., Brokers, pp. 222, 223, § 95; 7 Tex.Jur. 445, sec. 56; 7 Tex.Jur. 490, sec. 92; Dallas Joint Stock Land Bank of Dallas v. Magee, Tex.Civ. App., 117 S.W.2d 473, and authorities cited; Hassell v. Gamble, Tex.Civ.App., 263 S.W. 936; Brigham v. Cason, Tex.Civ.App., 233 S.W. 530.

■ Appellant seeks to justify his refusal to complete the transaction with Nabours by reason of the purported offer from Small. We think his position in this

respect is untenable. The jury found, and the testimony was uncontroverted, that Small did not authorize the offer made in his behalf by Doering and Gilbert. The jury also found upon sufficient testimony that Small was not ready, able, and willing to purchase the land on Friday, August twenty-ninth, the day appellant received such information from Doering. The next afternoon, Saturday, August thirtieth, appellant talked with Small at the farm. Small's testimony was to the effect that he made no offer at such time, but told appellant he would go back to town and make him some kind of an offer. The appellant, in his testimony, did not say that Small made any offer that afternoon or indicated to appellant that he had theretofore made one. His testimony was that he told Small he would not sell unless the livestock were included and that Small replied, "We can figure all that out." Therefore, at the time appellant saw Jones and Carver at the grocery store thereafter, about dark, he knew, or should have known, that Small had made no offer but was still undecided about the matter. This accounts, no doubt, for the jury finding that on August twenty-ninth, appellant did not in good faith believe that Small had offered to purchase the land. Under these circumstances, we think appellant's refusal to complete the transaction with Nabours was unjustified, arbitrary, unreasonable, and wrongful.

■■■ ˙We are also not in accord with appellant in his contention that he is not liable to appellee because Small actually purchased the land in accordance with the purported offer from him and that with knowledge of such offer his conduct constituted a ratification of the offer which would relate back to the date thereof. It is true that ratification has a retroactive efficacy and relates back to the inception of the transaction. 2 Tex.Jur. 498, sec. 101. But this rule is operative only as between the parties to the transaction; it can not be applied so as to defeat the intervening rights of other persons. As applied to this case, ratification might be applicable as between appellant and Small and, if so, would relate back to the inception of the offer through Doering, but such rule would not apply to appellee who was not a party to such purported offer and who in the meantime had acquired rights entirely independent thereof. Kemp-

ner v. Rosenthal, 81 Tex. 12, 16 S.W. 639; Conner v. Littlefield, 79 Tex. 76, 15 S.W. 217; Texas Moline Plow Co. v. Klapproth, Tex.Com.App., 209 S.W. 392.

The judgment will be affirmed.