302 P.2d 714

Frank L. STEWART, Plaintiff and Appellant,

v.

Arnold LESIN, Defendant and Respondent.

No. 8491.

Supreme Court of Utah.

Oct. 26, 1956.

Harry D. Pugsley, Salt Lake City, for appellant.

Woodrow D. White, Salt Lake City, for respondent.

CROCKETT, Justice.

Frank L. Stewart, real estate broker, sued Arnold Lesin for commission on the sale of an automobile business which Lesin owned and operated at Fillmore, Utah. The trial court found that Stewart had not obtained a buyer willing to purchase the property on the terms in the listing contract or on other terms acceptable to Lesin. From adverse judgment plaintiff appeals.

Defendant's business was known as the Lesin Motor Company; he handled new and used cars and owned a substantial building and real estate, equipment, tools and other inventory. An important asset of the business was the Chrysler-Plymouth Agency for that locality. On April 22, 1952, he signed a listing agreement au-

thorizing Stewart to sell the business. It specifically set out the above assets indicating the value of each, aggregating $88,000, but omitted any reference to the Chrysler-Plymouth Agency. The evidence is that the matter of the agency was discussed and that Stewart was fully aware that Lesin had no authority to sell the Chrysler-Plymouth franchise and that any transfer thereof would have to be arranged through and approved by the Chrysler Corporation.

Notwithstanding the facts just recited, the plaintiff advertised the business for sale as an automobile agency and apparently used that aspect of the business as an inducement to his buyer, a Mr. Peck, who did agree to purchase the business providing he could get the Chrysler-Plymouth franchise. Upon the assumption that the approval of the transfer of the franchise to Mr. Peck could be obtained, he entered into a contract with Lesin to buy the property and paid $2,000 down payment. When the Chrysler Corporation failed to approve Mr. Peck as a dealer he demanded his $2,000 back and upon Lesin's refusal, brought action to recover it. In that case the court found that a valid contract had been entered into between Lesin as seller and Peck as buyer, one of the terms of which required Lesin to obtain the Chrysler franchise for Peck. Inasmuch as Lesin was unable to fulfill that obligation, Peck was allowed to recover his $2,000.

In this action, the broker, Stewart, now proceeds upon the theory that he procured Peck, a ready, willing and able buyer, and is therefore entitled to his commission because the failure to complete the sale was due to the default of his employer Lesin. For this proposition he cites Curtis v. Mortensen [1] and other Utah cases.[2]

We do not disagree with the general rule as stated in the cases above referred to but point out that in the instant case there is a significant factual difference. Here there is no claim made that the failure of Peck to get approval as a dealer was chargeable to any fault or failure on the part of the seller Lesin. On the contrary, he lent his efforts to help get the dealership for Peck so the sale could be completed. The broker Stewart was fully aware of the limitation upon the seller's right to deal with the property which the broker purported to sell, and also that there could be a completed sale only if the condition, that is, the approval of the purchaser as a dealer by the Chrysler Corporation, could be fulfilled.

This case falls within the sound and well-recognized rule that where a transaction fails because the seller does not own what he purports to sell, and the

1. 1 Utah 2d 354, 267 P.2d 237.
2. Hoyt v. Wasatch Homes, Inc., 1 Utah 2d 9, 261 P.2d 927; Little & Little v. Fleishman, 35 Utah 566, 101 P. 984, 24 L.R.A.,N.S., 1182.

broker knows or has notice of the absence or defect of title, the broker is not entitled to his commission.[3] Illustrative of this principle is the case of Brownell v. Hanson[4] where the Washington court said:

"[The broker] takes the contract to procure a purchaser who is ready, willing, and able to buy *what the broker's principal has to sell,* and if the broker knows that the principal has a title which the purchaser will not accept, he has not produced a purchaser in accordance with the terms of his agreement." (Emphasis added.)

In the instant case it is clear that the buyer was unwilling to purchase the business without the franchise and unable to purchase it with the franchise. For this reason the broker failed to perform the service which would entitle him to a commission and the trial court correctly so held.

Affirmed. Costs to defendant.

McDONOUGH, C. J., and HENRIOD, WADE and WORTHEN, JJ., concur.

3. Monzigo v. Bowers, 135 Okl. 225, 275 P. 339; Perkins v. Camozze, Tex.Civ.App., 246 S.W. 735; Southern Trust Co. v. Bunch, 159 Ark. 47, 251 S.W. 674; Orr v. Woolfolk, 250 Ky. 279, 62 S.W.2d 1029; Preston v. Rheubottom, 194 Ky. 226, 238 S.W. 764; Campbell v. Arthur

H. Campbell & Co., 155 Tenn. 515, 296 S.W. 9; Texas Interstate Realty Co. v. Small, Tex.Civ.App., 251 S.W. 306; Pitts v. Sterling, 258 Mich. 264, 241 N.W. 835.

4. 109 Wash. 447, 186 P. 873, 874.