Myrna M. WALKER *v.* Michael C. HUCKABEE and
HOMEFINDERS REAL ESTATE, INC.

CA 83-35                                        661 S.W.2d 460

Court of Appeals of Arkansas
Division I
Opinion delivered December 14, 1983

*Shackleford, Shackleford & Phillips, P.A.,* for appel-
lant.

*J. S. Brooks,* for appellee Huckabee.

*Compton, Prewett, Thomas & Hickey, P.A.,* by: *Robert Compton,* for appellee Homefinders Real Estate, Inc.

LAWSON CLONINGER, Judge. Appellee, Michael C. Huckabee, filed a complaint in chancery seeking specific performance by appellant, Myrna M. Walker, of an alleged contract for the sale of 35 acres of land located in Union County, Arkansas. Appellant denied the existence of a contract, and asserted a counterclaim for unlawful detainer. Appellee, Homefinders Real Estate, Inc., intervened in an attempt to collect a commission from appellant on the sale of the property.

The trial court found that although appellant rejected Huckabee's original offer, Huckabee accepted appellant's counter offer. Huckabee was held entitled to specific performance and Homefinders was held entitled to a 10% commission from appellant.

For reversal, appellant contends that no contract was formed; that Huckabee's acceptance of appellant's counter offer was never communicated to appellant, and that Homefinders was not the agent of appellant with authority to receive notice of the acceptance. When we view the evidence in the light most favorable to the appellees, as we must, we hold that the findings of the chancellor are not clearly against the preponderance of the evidence.

Appellant lives in Tempe, Arizona, and inherited the 35-acre tract. In 1977 appellant listed the tract with Homefinders, but no sale was made and the listing expired. Appellant also listed a 55-acre tract with Homefinders in 1978, but that listing also expired without a sale.

In July, 1981, Dorothy Craig, a representative of Homefinders, called appellant and asked appellant if she was still interested in selling the 35-acre tract. Appellant set a price of $800 an acre. The call by Dorothy Craig was prompted by an expressed interest in land in the area by Huckabee. Huckabee made an offer of $17,000 for the tract through Dorothy

Craig, which was rejected by appellant. Huckabee then raised his offer to $24,500, or $700 an acre. The offer was signed by Huckabee on a standard offer and acceptance form and addressed to Homefinders Real Estate, Agent. Homefinders subsequently mailed the document to appellant. The offer and acceptance was modified by appellant in three details not vital to the issues here, and, as modified, signed by appellant and returned to Homefinders. Appellant instructed Homefinders to deliver the necessary papers to an El Dorado, Arkansas, attorney, who had once represented appellant. The offer and acceptance, as modified, was accepted by Huckabee, who made the down payment to Homefinders, and the instrument was delivered to the attorney as directed by appellant. Huckabee then moved onto the property with the permission of Homefinders. Homefinders attempted to contact appellant to inform her of what had been done, but appellant, who was visiting relatives while en route to Arkansas, could not be reached. When appellant arrived in Arkansas she then discovered for the first time that Huckabee had accepted her counter offer and was in possession of the property. At that time appellant repudiated the sale and ordered Huckabee off the property.

The chancellor found that the offer and acceptance, as modified by appellant, was a binding contract between the parties; that the evidence, although conflicting, indicated that appellant became displeased with the price·she had agreed to accept and for that reason repudiated the contract; that appellant requested that the offer and acceptance be taken to a designated attorney only for the purpose of preparing the necessary papers to close the sale.

Appellant does not contend that Huckabee did not accept her counter offer, but she does urge that Homefinders was not her agent for receiving Huckabee's acceptance and that she withdrew her offer before Huckabee's acceptance was communicated to her.

The evidence failed to establish that Homefinders had authority to grant Huckabee permission to enter the land, but evidence was presented from which the chancellor could find that Homefinders was the agent of appellant for the

limited purpose of conveying appellant's counter offer to Huckabee and receiving Huckabee's acceptance of that counter offer. The trial court could find, and did find, that appellant made a specific counter offer and instructed Homefinders to deliver that offer, if accepted by Huckabee, to appellant's attorney for closing.

An owner must say or do something tending to prove that he accepted the broker as his agent; mere selling to the party whom the broker procured is insufficient proof. *Shuffield* v. *Hunter,* 268 Ark. 1003, 597 S.W.2d 852 (Ark. App. 1980). Circumstantial evidence may be sufficient to establish agency, and the allegations of the purported agent may be used to corroborate other evidence of the agency. *Hawthorne* v. *Davis,* 268 Ark. 131, 594 S.W.2d 844 (1980). There is ample evidence to indicate that Homefinders was appellant's agent for the purpose of consummating the sale and that appellant agreed to pay Homefinders a commission; the previous relationship between appellant and Homefinders; appellant's signing of the counter offer with instructions to deliver it to an attorney for closing; and an agreement contained in the offer and acceptance whereby appellant agreed to pay Homefinders a commission of 10%. A further indication that appellant was aware that she was promising to pay Homefinders a commission is the fact that when appellant signed the offer and acceptance, as modified, she added a typed supplement which provided that one-half of the agent's commission was payable at the closing of sale and one-half in one year without interest.

The judgment of the trial court is affirmed.

CRACRAFT and CORBIN, JJ., agree.