Calvin GRAHAM d/b/a GRAHAM AND ASSOCIATES
v. Geraldine P. CRANDALL and
Matthew L. CRANDALL

CA 83-171                                    668 S.W.2d 548

Court of Appeals of Arkansas
Division II
Opinion delivered April 4, 1984
[Supplemental Opinion on Denial of Rehearing May 23, 1984.]

*Stripling & Morgan,* for appellant.

*Boswell & Smith,* by: *Robert P. Plummer,* for appellee.

JAMES R. COOPER, Judge. The appellees owned approximately 511 acres in Van Buren County, which they listed for sale with the appellant, who is a real estate broker in Clinton, Arkansas. The appellant found a buyer, but the appellees refused to close the transaction due to the parties' inability to agree upon the buyer's right to prepay the note. When the appellees refused to close, the appellant brought suit to recover his commission. The trial court denied the appellant's motion for a directed verdict, and the jury found

for the appellees. From that decision, comes this appeal.

For reversal, the appellant first argues that it was error for the trial judge to refuse to direct a verdict in the appellant's favor when the appellees failed to rebut the appellant's prima facie case that the appellant was entitled to his commission.

George and Jean Pike were contacted by the appellant, and, after several offers and counter-offers, an offer and acceptance was executed on July 8, 1980 by all the parties. The contract provided for a sale price of $244,600.00 payable as follows: $24,600.00 down, and the $220,000.00 balance payable in twenty annual installments of $25,845.00. The interest rate was 10%. The parties later agreed to reduce the down payment by $5,525.00 when it was determined that the mineral rights had been severed from 221 acres.

The appellees refused to consummate the sale because the note and mortgage, (which were prepared by Mr. Pike) included a provision allowing prepayment of the balance without penalty. The appellees testified that they did not want the buyer to be able to prepay the note. Mr. Pike testified that he would have agreed to a note which was silent on the point. The offer and acceptance was silent on the question of prepayment, but the listing contract had, as one of its terms, a requirement of a penalty if the note was prepaid within the first two years. The appellant argues that as of July 8, 1980, he had produced a ready, willing and able buyer and therefore he had fulfilled his contract with the appellees and was entitled to his commission.

In *Whitefield* v. *Haggart*, 272 Ark. 433, 615 S.W.2d 350 (1981) the Arkansas Supreme Court stated that "the broker earns his commission by producing a purchaser ready, willing and able to take the property on the seller's terms . . ." (citations omitted). The appellees freely entered into the offer and acceptance contract which did not contain a provision prohibiting prepayment or providing for a penalty for prepayment. An offer and acceptance is an

enforceable contract between the buyer and seller, and the contract in the case at bar could have been enforced by either party. By the offer and acceptance contract the appellees reaffirmed their obligation to pay the appellant a 6% commission for his services in procuring the contract. *See Walker* v. *Huckabee,* 10 Ark. App. 165, 661 S.W.2d 460 (1983).

In *Pinkerton* v. *Hudson,* 87 Ark. 506, 113 S.W. 35 (1908) the Arkansas Supreme Court stated:

> "The law is well settled that 'where a real estate broker contracts to produce a purchaser who shall actually buy, he has performed his contract by the production of one financially able, and with whom the owner actually makes an enforceable contract of sale. The failure to carry out that contract, even if the default be that of purchaser, does not deprive the broker of his right to commissions.' "

This language is applicable to the case at bar. The sellers entered into an enforceable contract with the buyers who were supplied by the appellant. It does not matter for purposes of the broker's commission that the parties subsequently could not agree on the completion of the land sale, but the fact that they had entered into an enforceable contract, the offer and acceptance of July 8, 1980, entitled the broker to his commission, in the absence of a showing of fraud or misrepresentation.

It is undisputed that the Pikes were ready, willing, and able to perform their part of the contract, without the stated right to prepay. Were this judgment to stand, it would allow any seller to avoid paying a commission by insisting on provisions in the note and mortgage which were not part of the contract. The offer and acceptance contract was clear and unambiguous, freely entered into by all parties, and, as stated earlier, was enforceable by either the appellees or the Pikes. The prepayment issue was between the appellees and the Pikes, and its resolution, if the Pikes ever elected to attempt prepayment, was for another day. It is worth

noting that the appellees never insisted on any prepayment clause during the two months of negotiations, which involved three offers and two counter-offers.

The test as to whether a trial court may direct a verdict without abusing its discretion has been clearly stated by this Court. The evidence and all reasonable inferences deducible therefrom must be viewed in the light most favorable to the party against whom the directed verdict is sought, and if there is any conflict of evidence or the evidence is not in dispute but is in such a state that fair-minded persons might draw a different conclusion therefrom, a jury question is presented. *Arkavalley Farms* v. *McCollum*, 271 Ark. 840, 611 S.W.2d 201 (Ark. App. 1981). Applying this standard to the facts before us, we find that the trial court erred in refusing to grant a directed verdict at the close of the appellees' case.

The evidence was undisputed that the appellant produced a ready, willing and able buyer who entered into an enforceable contract with the appellees. The appellees asserted the affirmative defenses of misconduct on the part of the appellant in representing the interests of the buyer as well as the appellees, and also fraud and bad faith. The appellees' case consisted of testimony that was designed to substantiate these allegations. At the close of the appellees' case, the trial judge ruled that the appellees failed to present sufficient evidence to prove these defenses and would not allow the appellees' case to go to the jury on these defenses. When this ruling was made, the appellant was entitled to a directed verdict. At this time there was no disputed fact to be resolved by the jury and the appellant had proved his entitlement to the disputed commission.

The appellees argue that the appellant's motion for a directed verdict was not specific enough. We disagree. Rule 50 of the Arkansas Rules of Civil Procedure requires

that such a motion shall state specific grounds. The motion in the case at bar was specific. We therefore reverse and remand with instructions to enter judgment for the appellant for the amount prayed for, that being 6% of the purchase price according to the amount stated in the offer and acceptance contract of July 8, 1980, as reduced by the addendum. Because we reach this result, it is unnecessary to decide the other points raised by the appellant.

Reversed and remanded.

CORBIN and GLAZE, JJ., agree.

Supplemental Opinion on Denial of Rehearing
delivered May 23, 1984

672 S.W.2d 914

JAMES R. COOPER, Judge. The petition for rehearing filed by the appellees points out one inadvertent error in our original opinion. It is true that Mr. Pike stated that he "probably" would have signed a note which was silent on the issue of prepayment, but that error in our opinion changes nothing.

The point of the decision is that both parties had entered into an enforceable contract for the sale of the land in question; that Mr. Pike was in no position to demand any provision concerning prepayment; that the Crandalls were in no position to demand any provision concerning prepayment; and that the contract, at least on the record before us, appeared to be subject to specific performance by either party. As between the appellants and the appellees it does

not matter that the Pikes and the appellees might eventually have been involved in litigation concerning the right, or the lack of the right, to prepay. The appellants produced a ready, willing, and able buyer who executed a binding contract for the purchase of the subject lands on terms which, according to the offer and acceptance, were acceptable to the appellees. Having done so, the appellants earned their commission.

Petition for rehearing denied.