Bera BARNETT, Executrix of the Estate of Vern BARNETT, Deceased *v.* Gary JENKINS, d/b/a GARY JENKINS AND COMPANY

CA 83-254                                   668 S.W.2d 550

Court of Appeals of Arkansas
Division II
Opinion delivered May 2, 1984
[Rehearing denied May 30, 1984.]

*Bradley, Coleman & Boling,* by: *Douglas Bradley,* for appellant.

*Paul E. Hopper,* for appellee.

Tom Glaze, Judge. This appeal involves the trial court's award of a real estate broker's commission. The appellant, Bera Barnett, represents the estate of Vern Barnett, deceased, who had listed certain property with his son, Gene Barnett, an agent for the appellee Gary Jenkins, a real estate broker. Appellee instituted this action based on that listing contract and a subsequent offer and acceptance contract signed by Barnett, as seller, and L. G. Morris, as buyer, on August 5, 1981. The relevant events leading to and the circumstances surrounding the execution of these two documents must first be discussed before addressing the issues raised in this appeal.

Vern Barnett had owned two adjoining tracts of farm land which he conveyed separately to his son, Fred Barnett, and to Dr. Hermie Plunk — Fred received 160 acres and Dr. Plunk received 178 acres. Later, Barnett listed only the 160-acre tract for sale with his son Gene, who was an agent for appellee. However, when Barnett and appellee discussed selling the 160-acre tract, appellee said that Barnett indicated he wanted to sell both tracts. Barnett explained that he had transferred the 160 acres to Fred only to protect himself against possible judgments. He also indicated that Dr. Plunk was behind on her payments, and "he was talking to her to get her to concede to give the property back to him to sell." After appellee's discussion with Barnett, appellee started negotiating with L. G. Morris, a farm buyer and neighbor of Barnett's. Apparently, Barnett and Morris agreed to the terms of the proposed sale of the two tracts on August 5, 1981. On that date, an agent for appellee prepared an offer and acceptance, which was signed by both Barnett and Morris. On August 6, 1981, Barnett contacted Dr. Plunk, and asked her to deed the 178-acre tract back to him. She refused. Barnett also failed to obtain Fred's consent to reconvey the 160-acre tract to Barnett so that he could consummate the sale with Morris. Appellee subsequently asked Barnett to pay the $17,000 commission due under the offer and acceptance agreement, and Barnett refused. Appellee then filed suit for the commission, contending he had produced a buyer ready, willing and able to purchase

both tracts of land. *See Graham* v. *Crandall,* 11 Ark. App. 109, 668 S.W.2d 548 (1984). Barnett raised several defenses before and at trial, but the trial court held appellee was entitled to his commission. Barnett died the day after the trial and before judgment was entered against him on December 24, 1982.

Appellant Bera Barnett raises four issues on appeal, but we only need to consider one of them. She contends that the appellee did not produce a buyer ready, willing and able to purchase the tracts involved according to the terms of their agreements. In sum, appellant argues that everyone knew the offer was conditioned upon Barnett's reacquiring title to the two tracts. Barnett failed in his efforts to obtain such title, and appellant argues Morris simply was unable to purchase the tracts from Barnett.

While we agree with appellant's argument in part, we believe her conclusion is best premised on the law announced in *Southern Trust Co.* v. *Bunch,* 159 Ark. 47, 251 S.W. 674 (1923). The Supreme Court in *Bunch,* quoting from *Foltz* v. *Conrad Realty Co.,* 131 Va. 496, 511, 109 S.E. 463, 468 (1921), stated the rule as follows:

> If at the time a broker makes sale of property he has knowledge of, or information of defects in the title, and by reason of these defects the sale cannot be made effective, he is not entitled to his commission.

Applying the foregoing rule to the facts at bar, appellee conceded throughout his testimony that he knew that before a sale could be made to Morris or anyone else, Barnett would have to reacquire the title to the two tracts. Appellee was aware of this title defect when he negotiated the sale to Morris, and he knew the sale could not be effected unless title to the tracts could be restored in Barnett. Because appellee had this knowledge, the trial court erred in awarding him a commission.

Reversed and dismissed.

MAYFIELD, C.J., and CLONINGER, J., agree.